[No. B207391. Second Dist., Div. Seven. Apr. 13, 2009.]

MIGUEL VIDRIO, JR., et al., Plaintiffs and Respondents, v.
MARIA L. HERNANDEZ, Defendant;
MERCURY INSURANCE COMPANY, Objector and Appellant.

COUNSEL

Horvitz & Levy, David M. Axelrad, Alicia A. Pell; Dunn Appellate Law, Pamela E. Dunn and Mayo L. Makarczyk for Objector and Appellant.

No appearance for Plaintiffs and Respondents.

OPINION

**PERLUSS, P. J.**—Mercury Insurance Company (Mercury) appeals from the trial court's order imposing $1,857.50 in monetary sanctions after the court determined Mercury's claims adjuster and the lawyer it had provided to defend its policyholder in this personal injury action had failed to negotiate in good faith at a mandatory settlement conference. Because neither Code of Civil Procedure section 177.5[1] nor California Rules of Court, rule 2.30[2] nor any other statute or court rule authorizes the imposition of sanctions on a nonparty insurer in this circumstance, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Underlying Litigation*

Miguel Vidrio, Jr., and Patricia Salinas filed a lawsuit in December 2006 alleging they had been injured a year earlier when, as a result of Maria L. Hernandez's negligence, the car Hernandez was driving collided with the car being driven by Vidrio. Hernandez was insured by Mercury, which provided her with a defense.

In response to a March 2007 request for a statement of damages, Vidrio claimed he had suffered general damages of $30,000, medical expenses of $3,836.98, loss of earnings of $1,223.60 and property damage of an undetermined amount. Salinas claimed general damages of $50,000, medical expenses of $4,745 and loss of earnings of $900.

In opposition to Hernandez's motion to reclassify the matter as a limited civil case, Vidrio added a claim for estimated future medical expenses of $4,500 and increased his claim for lost earnings to $2,015.60. However, his claim for general damages was reduced to $20,000. Salinas, who explained she was 17 weeks pregnant at the time of the accident and sought medical

---

[1] Statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] References to rule or rules are to the California Rules of Court. References to Local Rule or Local Rules are to the Local Rules of the Superior Court of Los Angeles County.

treatment because of her concern about her unborn child, added a claim for future medical costs of $3,000, but reduced her general damages claim to $25,000. The motion to reclassify was denied.

Counsel for Hernandez, Dean Chalamidas, an associate with Michael G. Hogan & Associates, took Vidrio's and Salinas's depositions in May 2007. Plaintiffs were represented by Jon A. Dieringer, a contract attorney working with plaintiffs' counsel of record, Michael H. Silvers.

A mediation was conducted in September 2007, attended by the parties, counsel for plaintiffs (once again, a contract attorney working with Silvers), Hernandez's counsel Chalamidas and Victor Ambriz, the adjuster for Mercury. The case was not resolved at that time. Hernandez served Vidrio and Salinas with settlement offers of $1,000 each pursuant to section 998.

### 2. *The Mandatory Settlement Conference*

A mandatory settlement conference was scheduled for December 7, 2007. Hernandez filed her mandatory settlement conference statement on December 4, 2007. The brief contested liability, contending Vidrio's car had stopped suddenly and for no reason, leaving Hernandez insufficient time to avoid the rear-end collision. Hernandez also disputed the nature and extent of Vidrio's and Salinas's claimed injuries, essentially arguing the accident was minor and could not be expected to cause any personal injuries and only limited damage to Vidrio's car (repair estimated at approximately $1,600).

Hernandez was represented at the mandatory settlement conference by Chalamidas. Mercury's adjuster Ambriz, who had full authority to settle the case, was also present. Plaintiffs were again represented by a specially appearing contract attorney (James M. McKanna) affiliated with counsel of record Silvers. Vidrio and Salinas made settlement demands of $15,000 each (demands that had previously been served on counsel for Hernandez pursuant to § 998). Hernandez repeated her prior settlement offer of $1,000 for each plaintiff. Neither side made a counterproposal, and the case did not settle.

Following the settlement conference the court held a proceeding on the record at which it observed the rules of court, the Local Rules and the litigation guidelines published by the Los Angeles County Bar Association "all mandate good faith representation by counsel as well as the authorized representative of the company, in this case Mercury Insurance." The court then stated, "On its surface, it would appear that this case is one of damages, not liability. Counsel and the adjuster came to court today unprepared to discuss damages, unprepared to discuss costs of defense, unprepared to have an intelligent conversation about how they derive a thousand dollars in total

to be paid to the plaintiffs. There is an auto claim as well for repair of the vehicle of Miguel Vidrio, Jr., of which little or no discussion could be elicited from counsel. . . . I have every intention of imposing a monetary sanction. I find there was bad faith conduct by counsel."

The court also expressed its view Hernandez's counsel, Chalamidas, was "just a conduit for somebody, I believe, at Mercury" and indicated, "I don't want to get you personally wrapped up in this." The court then issued an order to show cause why sanctions should not be imposed, naming Chalamidas, Ambriz and Mercury as respondents, and set a hearing for December 21, 2007.

### 3. *The Hearing on the Order to Show Cause Regarding Sanctions*

Chalamidas filed a declaration in response to the order to show cause in which he recited the procedural history of the case and indicated his continuing, personal involvement in the matter as counsel for Hernandez and his familiarity with the issues relating to both liability and damages. Chalamidas explained Hernandez, whom he had interviewed on several occasions, was "adamant [Vidrio] caused the accident when he stopped his vehicle for no reason. Moreover, she is certain neither plaintiff was injured." Chalamidas also emphasized he had prepared the mandatory settlement conference statement and personally attended the mandatory settlement conference (as well as the mediation), while Silvers, plaintiffs' counsel of record, had made no appearances in the matter at all. Chalamidas's declaration also provided his perspective on the conduct of the mandatory settlement conference, asserting he and Ambriz had not failed to participate meaningfully.

Contract Attorney McKanna filed a declaration in support of the award of sanctions, asserting, notwithstanding the absence of any settlement demand less than $15,000 for each plaintiff, "it became clear [at the conference] that the plaintiffs were willing to settle their personal injury claims for a very reasonable amount." McKanna also stated liability was clear, based on information contained in the police report of the accident, and described the various injuries sustained by Vidrio and Salinas. McKanna also described his preparation for the mandatory settlement conference and his billing rate and requested the award of monetary sanctions of $812.50 to cover attorney fees incurred at the settlement conference and in connection with the order to show cause regarding sanctions.

At the hearing, after appearances of counsel were made, the court stated it was relying on rule 3.1380 (former rule 222) in conducting the proceeding. As described by the court, that rule requires a good faith offer of settlement by a defendant as part of its mandatory settlement conference statement and

also requires the parties participating in the conference to comply with any additional requirements imposed by the court's local rules. The court then stated it found "Local Rule 7.19" (which Mercury suggests, and we agree, is a misreporting of the phonetically similar "Local Rule 7.9(e)"; there is no Local Rule 7.19) and Local Rule 8.23 pertinent. With respect to sanctions the court said it could rely on either section 177.5 or rule 2.30, with rule 2.30 being "more specific to imposing sanctions relative to settlement conferences."

Following the recitation of its authority for proceeding with the sanctions hearing, the court explained, "What this is about today is the court's perceived notion from the conduct of the adjuster and attorney representing Ms. Hernandez employed by Mercury Insurance of not in good faith making any effort to attempt to settle the case." The court found no fault with Hernandez's settlement conference statement, "I thought that the brief[s] submitted by each side were alike, I might say, and civil, and I do appreciate that from both sides." However, the court was harshly critical of the conduct of Hernandez's representatives at the settlement conference itself and, in particular, the refusal to offer more money than the section 998 offer of $1,000 for each plaintiff: "The point is that there was no negotiations. They just came in with the firm opinion we're paying a thousand dollars . . . . [A]t least some movement under the circumstances, and some discussion was in order. That is the reason why [sanctions are being imposed]."

The court noted it had elicited from Chalamidas and Ambriz the estimated cost of trying the case, including the costs of the expert witness (an orthopedic surgeon) retained on behalf of Hernandez, and stated, although the "proposed amount wasn't a demand, but it would have settled the case . . . that cost would be far in excess of, perhaps even double, the amount that the case could have settled." The court also characterized the lack of "communication back" to the court as "uncivil" and "impolite." More substantively, the court indicated it believed the defense theory for contesting liability was weak and Salinas, even if not Vidrio, had a legitimate claim for a substantial amount in compensation for personal injuries, particularly since she was pregnant at the time of the accident: "[T]hose expenses at least have some value of which there is absolutely no discussion or willingness to discuss."

After hearing argument from counsel, the court ordered sanctions in the sum of $1,500 payable directly to the court and $357.50 payable to plaintiffs' counsel—the attorney fees incurred in connection with the sanctions hearing, not the mandatory settlement conference itself. The monetary sanctions were imposed against Mercury only, not Chalamidas or Ambriz. Articulating the basis for its order, the court stated, "The manner in which this was handled in

my chambers, in my opinion, was totally bad faith, totally bad faith." A minute order directing the payment of sanctions by Mercury was entered on December 21, 2007.[3]

Mercury filed a petition for writ of mandate seeking review of the sanctions order on February 19, 2008. We denied the petition, explaining Mercury had an adequate remedy by way of appeal following entry of a written order imposing sanctions. (See *Barton v. Ahmanson Developments, Inc.* (1993) 17 Cal.App.4th 1358, 1360–1361 [22 Cal.Rptr.2d 56].) An order, signed by the court, was entered on March 27, 2008.[4] Mercury thereafter filed a timely notice of appeal.

## DISCUSSION

### 1. *Standard of Review*

We generally review orders for monetary sanctions under the deferential abuse of discretion standard. (See, e.g., *Karlsson v. Ford Motor Co.* (2006) 140 Cal.App.4th 1202, 1212 [45 Cal.Rptr.3d 265]; *Burkle v. Burkle* (2006) 144 Cal.App.4th 387, 389 [50 Cal.Rptr.3d 436].) However, the proper interpretation of a statute or rule of court relied upon by the trial court as its authority to award sanctions is a question of law, which we review de novo. (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1479 [64 Cal.Rptr.3d 29]; see *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956]; *Scottish Rite Cathedral Assn. of Los Angeles v. City of Los Angeles* (2007) 156 Cal.App.4th 108, 115 [67 Cal.Rptr.3d 207].)

### 2. *Governing Statutes and Rules of Court*

#### a. *Settlement conference procedure*

■ Rule 3.1380 (former rule 222) governs mandatory settlement conferences. Rule 3.1380(a) permits the trial court, on its own motion or at the request of a party, to set one or more mandatory settlement conferences. Rule 3.1380(b) requires the personal attendance of "[t]rial counsel, parties, and persons with full authority to settle the case" at such conferences unless excused by the court for good cause. Rule 3.1380(c) requires each party to

---

[3] The clerk's minute order incorporated the court's statement it was relying on section 177.5, rule 3.1380 and Local Rules 7.19 and 8.23.

[4] The formal order did not include citations to any statute or rule of court.

submit to the court a mandatory settlement conference statement; the plaintiff's statement must include a good faith settlement demand (rule 3.1380(c)(1)); and the defendant's statement must include a good faith offer of settlement (rule 3.1380(c)(3)). The rule also requires the parties' settlement conference statement to comply with any additional requirement imposed by local rule.

Local Rule 7.9(d), like rule 3.1380, authorizes the trial court to set a settlement conference on its own motion or at the request of any party. Local Rule 7.9(d)(1) also provides, unless expressly excused for good cause by the judge, "all persons whose consent is required to effect a binding settlement shall be personally present at a scheduled settlement conference. Included among such persons are: the litigants (unless consent of the particular litigant is not required for the settlement); an authorized representative of any insurance company which has coverage involved in the case; and an authorized representative of a corporation or other business or government entity which is a litigant." Local Rule 7.9(d)(3) further specifies, "Attorneys for all parties appearing in the action shall attend the conference and be intimately familiar with the pertinent available evidence involving both liability and damages. Such attorney shall be prepared to discuss the case in depth and, except for good cause shown, shall be the attorney who will try the case."

Local Rule 7.9(e) requires the parties to submit a written settlement conference statement containing "a concise statement of the material facts of the case and the factual and legal contentions in dispute." Unlike rule 3.1380 the Local Rule does not expressly require a settlement demand or offer.

### b. *The authority to impose sanctions*

■ Section 177.5 authorizes a judicial officer to impose reasonable monetary sanctions, not to exceed $1,500, payable to the court, "for any violation of a lawful court order by a person, done without good cause or substantial justification." The section defines "person" to include "a witness, a party, a party's attorney, or both." Section 575.2 provides a court's local rules may authorize sanctions against "any counsel, a party represented by counsel, or a party if in pro se," for the failure to comply with any of the requirements of local rules properly promulgated pursuant to section 575.1.[5]

---

[5] The imposition of sanctions by the trial court is authorized by a number of other statutes. For example, section 128.7, subdivision (c), permits the award of monetary sanctions for violations of the requirement that court papers be signed, certifying that a pleading, petition, written notice of motion or other similar paper has not been presented for an improper purpose and all claims, defenses or other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension of existing law or establishment of new law. (See also Gov. Code, § 68608, subd. (b) ["Judges shall have all the powers to impose sanctions

█ Rule 2.30(b) (former rule 227(b)) authorizes, "[i]n addition to any other sanctions permitted by law," imposition of reasonable monetary sanctions, payable to the court or an aggrieved person or both, for the failure without good cause to comply with any rule of court relating to general civil cases, unlawful detainer cases, probate proceedings, civil proceedings in the appellate division of the superior court and small claims cases. For purposes of rule 2.30, "person" means "a party, a party's attorney, a witness, and an insurer or any other individual or entity whose consent is necessary for the disposition of the case." Rule 2.30(d) permits, in addition to the sanctions awardable under (b), an order requiring payment to the aggrieved party by the person who has violated an applicable rule of the reasonable expense, including reasonable attorney fees and costs, incurred in connection with the motion for sanctions or the order to show cause.

█ Local Rule 7.13, one of a series of rules adopted as part of the Los Angeles Superior Court's delay reduction program, in accordance with the provisions of the Trial Court Delay Reduction Act of 1986 (Gov. Code, § 68600 et seq.), provides the court may impose appropriate sanctions "for the failure or refusal (1) to comply with the Rules, (2) to comply with any order made hereunder or (3) to meet the time standards and/or deadlines established herein." After directing counsel to various sanctions statutes in the Code of Civil Procedure and Government Code, as well as to rule 2.30, Local Rule 7.13 provides, "Such sanctions may be imposed on a party and/or, if appropriate, on counsel for such party."

Like Local Rule 7.13, Local Rule 8.0 authorizes sanctions, including monetary sanctions, for the failure or refusal to comply with the court's Local Rules. Monetary sanctions "may be imposed for such violation against any party, party's attorney or witness payable to the County of Los Angeles."

 3. *The Sanctions Award Against Mercury Was Not Authorized by Statute or Court Rule*

█ California courts have inherent power to "take appropriate action to secure compliance with . . . orders, to punish contempt, and to control its proceedings." (*Bauguess v. Paine* (1978) 22 Cal.3d 626, 637 [150 Cal.Rptr.

---

authorized by law . . . . Judges are encouraged to impose sanctions to achieve the purposes" of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)].) However, the only statute cited by the trial court was section 177.5; and we are, in any event, not aware of any other possible statutory authority for the award of sanctions against a nonparty insurer for failure to participate in good faith in a mandatory settlement conference. (See *Kane v. Hurley* (1994) 30 Cal.App.4th 859, 864, fn. 8 [35 Cal.Rptr.2d 809].)

461, 586 P.2d 942]; see § 128, subd. (a) ["[e]very court shall have the power to do all of the following: [¶] . . . [¶] (4) To compel obedience to its judgments, orders, and process . . . . [¶] (5) To control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto"].) However, our trial courts have no inherent power to impose monetary sanctions. (*Bauguess*, at pp. 638–639; *Trans-Action Commercial Investors, Ltd. v. Firmaterr, Inc.* (1997) 60 Cal.App.4th 352, 366–367 [70 Cal.Rptr.2d 449] (*Trans-Action Commercial*); see *Andrews v. Superior Court* (2000) 82 Cal.App.4th 779, 782 [98 Cal.Rptr.2d 426] [punitive monetary sanction is not authorized under the inherent powers of the courts].) "It is a general rule that, outside of a contempt proceeding, trial courts lack inherent power to impose a monetary sanction against an attorney for misconduct in court." (*People v. Muhammad* (2003) 108 Cal.App.4th 313, 316 [133 Cal.Rptr.2d 308].)

> a. *No statute authorizes the imposition of sanctions against Mercury*

Mercury correctly asserts no statute authorizes the imposition of sanctions against a nonparty insurer for its purported failure to participate in good faith in a mandatory settlement conference. Section 177.5, the only statute cited by the trial court, is inapplicable for several reasons. First, it empowers a court to impose monetary sanctions for violation, without good cause, of a lawful court order. Even if Mercury did direct its adjuster and the counsel it retained for Hernandez not to negotiate in good faith, that conduct did not violate any court order. Second, section 177.5 provides sanctions may be awarded against a "person," defined to include "a witness, a party, a party's attorney, or both." Mercury does not fall within any of those categories, and the trial court expressly declined to sanction Hernandez's attorney Chalamidas. Finally, section 177.5 limits monetary sanctions to $1,500 payable to the court. The $357.50 awarded to plaintiffs' counsel, in addition to the $1,500 payable to the court, is doubly inconsistent with that express limitation.

■ Section 575.2 authorizes the superior courts to provide by local rule for sanctions, including monetary sanctions in the form of reasonable attorney fees, for failure to comply with any of the requirements of properly promulgated local rules. As discussed, the Los Angeles Superior Court has done so: Local Rule 7.13 authorizes sanctions for the failure to comply with the Local Rules, court orders or the delay reduction program's time standards or deadlines. Local Rule 8.0 authorizes sanctions, including monetary sanctions, for the failure or refusal to comply with the court's Local Rules. But like section 177.5, neither section 575.2 nor Local Rules 7.13 and 8.0 include the authority to sanction a nonparty insurer. Section 575.2 addresses sanctions

against "counsel, a party represented by counsel, or a party if in pro se." Similarly, Local Rule 7.13 authorizes sanctions (not specifically including monetary sanctions) only against a party or a party's counsel. Local Rule 8.0 authorizes monetary sanctions "against any party, party's attorney or witness."

Moreover, although Local Rule 7.9(d) provides for the mandatory attendance at a settlement conference of "all persons whose consent is required to effect a binding settlement," and specifically defines that category to include "an authorized representative of any insurance company which has coverage involved in the case," nothing in Local Rules 7.9(d) or 7.9(e), which govern the conduct of settlement conferences, purports to require the participants, once present, to negotiate with each other. Thus, neither section 575.2 nor the Local Rules justified the award of sanctions against Mercury.

### b. *The sanctions award was not properly based on rule 2.30*

As Mercury observes in its appellate brief, rule 2.30, identified by the trial court as being "more specific to imposing sanctions relative to settlement conferences," is the only possible source of authority for the sanctions imposed against it. Unlike the statutes and Local Rules discussed above, rule 2.30 expressly authorizes the court to order payment of reasonable monetary sanctions to the court, an aggrieved person or both not only by a party or the party's attorney but also by "an insurer or any other individual or entity whose consent is necessary for the disposition of the case" for any failure without good cause to comply with applicable provisions of the California Rules of Court. Nonetheless, Mercury argues rule 2.30's authorization for an award of sanctions against a nonparty insurer is invalid because it is not grounded in statute and, in any event, its conduct at the mandatory settlement conference did not violate any rule of court and is not sanctionable. Although we have considerable doubt as to Mercury's first argument, we agree with the second and reverse the award of sanctions.

Prior to July 1, 2001, former rule 227 (now rule 2.30)[6] provided, "The failure of any person to comply with these rules, local rules, or order of the court, unless good cause is shown, or failure to participate in good faith in any conference those rules or an order of the court require, is an unlawful interference with the proceedings of the court. The court may order the person at fault to pay the opposing party's reasonable expenses and counsel fees and to reimburse or make payment to the county, may order an appropriate change in the calendar status of the action, and for failure to

---

[6] Former rule 227 was renumbered rule 2.30 as part of the January 1, 2007 reorganization of the California Rules of Court.

comply with local rules may impose sanctions authorized under section 575.2 of the Code of Civil Procedure and under section 68608(b) of the Government Code, in addition to any other sanction permitted by law."

The rule was substantially revised, effective July 1, 2001, in response to the Court of Appeal's decision in *Trans-Action Commercial, supra,* 60 Cal.App.4th 352, which reversed an award of sanctions under former rule 227 against a lawyer who had caused a mistrial by repeatedly violating the trial court's in limine rulings. After thoroughly reviewing the statutory authority governing sanctions, and particularly attorney fees as sanctions, the *Trans-Action Commercial* court held former rule 227 was invalid "to the extent the rule purports to allow sanctions inconsistent with the limits and conditions provided in an applicable statute." (*Trans-Action Commercial,* at p. 371.) The court suggested the defect in the rule could be cured by amending it to incorporate the statutory terms and conditions for sanctions awards. (*Id.* at p. 363, fn. 9.)

In its November 29, 2000 report recommending amendments to former rule 227 to the Judicial Council of California,[7] the council's civil and small claims advisory committee summarized the holding in *Trans-Action Commercial* and proposed amending the rule "although not in precisely the manner suggested by the appellate court." Specifically, the revised rule, as proposed and then adopted by the Judicial Council, provided, in addition to any other sanctions permitted by law, "the court may order a person, after written notice and an opportunity to be heard, to pay reasonable monetary sanctions to the court or an aggrieved person, or both, for failure to comply with the [rules of court governing civil pretrial and trial procedure], unless good cause is shown." (The amended rule also provided for the same procedural safeguards contained in § 177.5, authorizing monetary sanctions for violations of court orders.)

In proposing the rule expressly authorizing monetary sanctions for failure to comply with the civil pretrial and trial rules of the California Rules of Court, the civil and small claims advisory committee's report explained, "The Judicial Council is constitutionally empowered to 'adopt rules for court administration practice, and procedure, not inconsistent with statute.' [Citation.] Unless they transcend legislative enactments, the rules and procedures adopted by the Judicial Council have the force of law. [Citation.] [¶] . . .

---

[7] We provided the parties with a copy of this report, as well as an October 2, 2003 report recommending additional amendments to former rule 227, notified them we intended to take judicial notice of both reports pursuant to Evidence Code sections 452 and 459 and invited their response. (See Evid. Code, § 459, subd. (d).) Mercury responded with a supplemental letter brief addressing the substance of the civil and small claims advisory committee's analysis in the two reports, but did not question the propriety of judicial notice. No other response was received. We now take judicial notice of the two reports.

There is presently no statute that specifically provides for the award of sanctions specifically for failure to comply with the California Rules of Court. Because of the absence of any direct statute, it is entirely appropriate for the Judicial Council to exercise its rule-making authority to establish a clear sanctions rule in this area. Such a rule is particularly important in light of the increased significance of civil pretrial and trial rules in the Rules of Court since rule 981.1 (Preemption of local rules) became effective on July 1, 2000."

■ If Mercury contends the Judicial Council exceeded its authority by adopting a rule providing for monetary sanctions for violations of the rules of court—a provision that, concededly, is not expressly authorized by statute, but also does not conflict with any statute (see *People v. Hall* (1994) 8 Cal.4th 950, 960 [35 Cal.Rptr.2d 432, 883 P.2d 974] [Judicial Council may not adopt rules inconsistent with the governing statutes]) or readily determinable statutory intent (see *In re Robin M.* (1978) 21 Cal.3d 337, 346 [146 Cal.Rptr. 352, 579 P.2d 1] [invalidating rule of court to the extent it was inconsistent with legislative intent]; *Trans-Action Commercial, supra,* 60 Cal.App.4th at p. 364 ["[i]t is settled [law] that in order to comply with the constitutional requirement of consistency with statutory law, a rule of court must not conflict with the statutory intent"])—we disagree. The Judicial Council's constitutional authority to adopt rules for court administration, practice and procedure "[t]o improve the administration of justice" (Cal. Const., art. VI, § 6, subd. (d)), we believe, necessarily includes the concomitant authority to create the means to enforce those rules, provided only that "[t]he rules adopted shall not be inconsistent with statute." (*Ibid.*) It would simply make no sense to allow a court to impose sanctions for violations of its own orders relating to practice and procedure (see § 177.5), but not for violations of the more generally applicable rules of court. (See *Datig v. Dove Books, Inc.* (1999) 73 Cal.App.4th 964, 982–983, fn. 17 [87 Cal.Rptr.2d 719] ["[w]e are unaware of any legislative enactments which are contrary to [former] rule 227's provision for an award of attorney fees as a sanction for violation of the rules of court . . ."]; *Caldwell v. Samuels Jewelers* (1990) 222 Cal.App.3d 970, 979 [272 Cal.Rptr. 126] [recognizing trial court's authority to impose sanctions pursuant to former rule 227 "based on violation of a state or local rule"].)

Former rule 227 was further amended, effective January 1, 2004, to clarify its application to the rules of court "relating to general civil cases, unlawful detainer cases, probate proceedings, civil proceedings in the appellate division of the superior court, and small claims cases" (former rule 227(a), eff. Jan. 1, 2004), not just the civil pretrial and trial rules then located in title two

of the California Rules of Court.[8] These amendments also modified the definition of a "person" subject to sanctions for violating a rule of court to specifically include "an insurer or any other individual or entity whose consent is necessary for the disposition of the case." This revised definition, which is now included in rule 2.30(b), parallels the requirement in former rule 222(b) (now rule 3.1380(b)), governing mandatory settlement conferences, that "persons with full authority to settle the case" must personally attend the conference unless excused by the court for good cause.

To the extent Mercury's contention rule 2.30 is invalid focuses on this expanded definition of "person" to include a nonparty insurer—an argument premised on the absence of any statutory provision expressly authorizing imposition of monetary sanctions against a nonparty who is not a witness (see, e.g., § 177.5 ["[f]or the purposes of this section, the term 'person' includes a witness, a party, a party's attorney, or both"])—for the reason articulated above we are inclined to disagree. The Judicial Council's constitutional rulemaking power plainly extends to the adoption of a rule requiring individuals or entities with authority to consent to the settlement of a case to participate in a mandatory settlement conference, as does rule 3.1380(b). (See *Sigala v. Anaheim City School Dist.* (1993) 15 Cal.App.4th 661, 668–670 [19 Cal.Rptr.2d 38].) Certainly such a rule of court, an essential component of the effective and timely resolution of civil cases, is not in any way inconsistent with any statute or statutory intent. (See § 575 ["[t]he Judicial Council may promulgate rules governing pretrial conferences, and the time, manner and nature thereof, in civil cases"].) Ensuring compliance with this rule, like other rules of court, depends at least in part on the trial court's ability, in an appropriate situation, to impose sanctions for its violation. (See *Datig v. Dove Books, Inc., supra,* 73 Cal.App.4th at pp. 982–983; see also *Cantillon v. Superior Court* (1957) 150 Cal.App.2d 184, 186 [309 P.2d 890] ["[t]he necessity for sanctions to insure the effectiveness of pretrial proceedings was a matter of prime consideration and it was determined by the Judicial Council that unless compliance with such rules by attorneys was made compulsory, the pretrial system could not attain its desired objectives"].)[9]

---

[8] As explained in the October 2, 2003 report to the Judicial Council from the civil and small claims advisory committee recommending the amendments, although most of the civil trial rules were located in title two prior to the January 1, 2007 reorganization of the California Rules of Court, some were not. For example, rules relating to complex cases were located in title five; rules relating to appeals from limited civil and small claims cases were located in title one. This amendment was intended to clarify that persons could be sanctioned under former rule 227 "for violations of any of the trial court rules in the California Rules of Court relating to civil cases, except in the area of family and juvenile law . . . ."

[9] In addition, as explained in the October 2, 2003 report from the civil and small claims advisory committee recommending the inclusion of this language in former rule 227, "[a]lthough section 177.5 does not expressly extend to insurers, it uses the open-ended term 'includes' in describing the types of persons covered by the statute. Amending rule 227 to

We need not finally resolve this question, however, because we agree with Mercury nothing in rule 2.30, rule 3.1380 or any other rule of court pertinent to the conduct of a mandatory settlement conference justified the award of monetary sanctions in this case. Prior to the amendments following the decision in *Trans-Action Commercial, supra*, 60 Cal.App.4th 352, effective January 1, 2001, former rule 227 provided the "failure to participate in good faith in any conference" required by court rule or court order was sanctionable conduct. That language was eliminated by the January 1, 2001 amendments, and neither current rule 2.30 nor any other rule of court purports to require good faith negotiation by participants in settlement conferences.[10] Yet that is precisely the reason the trial court gave for imposing sanctions in this case: "What this is about today is the court's perceived notion from the conduct of the adjuster and attorney representing Ms. Hernandez employed by Mercury Insurance of not in good faith making any effort to attempt to settle the case."

 In sum, even were we to agree with the trial court's assessment of the conduct of counsel and the adjuster, the failure to increase a settlement offer or to otherwise participate meaningfully in settlement negotiations violates no rule of court and is not a proper basis for an award of sanctions.[11] (See, e.g., *Triplett v. Farmers Ins. Exchange* (1994) 24 Cal.App.4th 1415, 1424 [29 Cal.Rptr.2d 741] ["[w]e eschew any notion that a court may effectively force an unwilling party to settle by raising the specter of a post hoc determination that failure to do so will be evidence of failure to participate in good faith"]; *Sigala v. Anaheim City School Dist., supra*, 15 Cal.App.4th at p. 669 [" '[a] court may not compel a litigant to settle a case, but it may direct him to engage personally in settlement negotiations, provided the conditions for such negotiations are otherwise reasonable' "].) Hernandez filed an appropriate settlement conference statement; her lawyer and Mercury attended the conference and participated in it. While the trial court's frustration at the parties' lack of movement is understandable, no more was required.

---

expressly cover insurers and other individuals or entities whose consent is necessary for the disposition of a case is not inconsistent with this statutory provision."

[10] As discussed, rule 3.1380(b) requires persons with full authority to settle a case to personally attend the settlement conference unless excused by the court. Rule 3.1380(c)(3) requires a defendant to present a good faith settlement offer in its written settlement conference statement. The trial court did not suggest Hernandez's initial offer to settle with the two plaintiffs for $1,000 each was in bad faith; to the contrary, the court expressed its appreciation for the settlement briefs submitted by the parties.

[11] The civil and small claims advisory committee in its October 2, 2003 report to the Judicial Council recommending addition of language expressly authorizing an award of sanctions against "an insurer or any other individual or entity whose consent is necessary for the disposition of the case" focused solely on the need to sanction "[t]heir failure to appear at a mandatory settlement conference under [former] rule 222."

## DISPOSITION

The order imposing sanctions is reversed. In light of respondents' decision not to file any brief in the appeal, Mercury Insurance Company is to bear its own costs on appeal.

Zelon, J., and Jackson, J., concurred.