Filed 9/2/15  Uwadiale v. Makiyama CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

GRACE UWADIALE,

    **Plaintiff and Appellant,**                A143567

    **v.**                                 **(Contra Costa County**
                                       **Super. Ct. No. MSC0903497)**

**TODD MAKIYAMA,**

    **Defendant and Respondent.**

_____/

    The trial court sanctioned plaintiff Grace Uwadiale's former attorney, Alfred O. Anyia, $6,178.26 for not attending a pretrial issue conference and failing to file pretrial documents in violation of Contra Costa Superior Court Local Rules (former local rule 5). Anyia appeals.  He contends Code of Civil Procedure section 575.2 does not authorize the imposition of monetary sanctions, he was denied due process, and the amount awarded was excessive.[1]

    We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

    We incorporate the factual and procedural history from our opinion in plaintiff's prior appeal (*Uwadiale v. Makiyama* (Mar. 24, 2014, A137521) [nonpub. opn.]), and provide only a brief overview here.

_____

[1]    All statutory references are to the Code of Civil Procedure.  Plaintiff is not a party to this appeal and is mentioned only where necessary.

1

The trial court dismissed plaintiff's dental malpractice action against Dr. Todd Makiyama, DDS because plaintiff and her then attorney, Anyia, did not attend the pretrial issue conference and failed to file pretrial documents in violation of former local rule 5.[2] The court later denied plaintiff's motion to set aside the dismissal pursuant to section 473, subdivision (b). Plaintiff appealed and we reversed. We concluded, among other things, the court erred by dismissing the action because there was no evidence less severe sanctions would be ineffective. We directed the court to vacate the orders and to consider whether to hold a hearing on the possible imposition of sanctions, other than terminating sanctions, for plaintiff's counsel's failure to comply with local rules. (*Uwadiale v. Makiyama, supra,* A137521.)

Following remittitur, Dr. Makiyama moved for $6,178.26 in sanctions against Anyia pursuant to section 575.2 and former local rule 25. According to Dr. Makiyama, Anyia violated former local rule 5 by failing to file mandatory pretrial documents and attend the issue conference. Dr. Makiyama supported the motion with attorney declarations detailing the time spent preparing for and attending the issue conference and moving for sanctions. In opposition, Anyia admitted he did not comply with former local rule 5 and that section 575.2 authorized the imposition of monetary sanctions. He argued, however, that the amount of sanctions requested was excessive because it was "unreasonable" for two attorneys to attend the issue conference and because defense counsel spent too long traveling to and from the conference.

Following a hearing, the court partially granted Dr. Makiyama's motion and sanctioned Anyia $6,178.26. The court determined "Anyia was responsible for the local rules violation. He failed to file and serve mandatory pre-trial documents and failed to

---

[2] All "local rule" references are to the Contra Costa Superior Court Local Rules. In 2015, local rule 3.11 replaced former rule 5 without substantive change. As relevant here, former local rule 5 required trial counsel and clients to attend an issue conference 14 days before the trial date. It also required parties to file issue conference statements, motions in limine, a settlement statement, and jury questionnaires before the conference. (See former local rule 5K(1)-(4).) Former local rule 25 described the penalties for local rule violations. In 2015, local rule 2.60 replaced former local rule 25 without substantive change.

2

appear at the . . . issue conference." The court determined Dr. Makiyama incurred $3,738.26 in preparing and filing the pretrial documents and appearing at the issue conference, and $2,440 in preparing the sanctions motion. Finally, the court rejected Anyia's claim that the fees and costs Dr. Makiyama requested were unreasonable.

DISCUSSION

Section 575.2 authorizes trial "courts to provide by local rule for sanctions, including monetary sanctions in the form of reasonable attorney fees, for failure to comply with any of the requirements of properly promulgated local rules." (*Vidrio v. Hernandez* (2009) 172 Cal.App.4th 1443, 1455; see also *Rietveld v. Rosebud Storage Partners* (2004) 121 Cal.App.4th 250, 255 (*Rietveld*).) As we have stated, former local rule 5 required trial counsel and clients to attend a pretrial issue conference and to file various documents before that conference. Pursuant to former local rule 25, a "violation of these rules may result in sanctions and penalties including but not limited to . . . actual expenses and counsel fees . . . arising as a result of such violation payable to opposing counsel." We review the order imposing "monetary sanctions under the deferential abuse of discretion standard." (*Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685, 698.)

Anyia contends section 575.2 does not authorize monetary sanctions. This argument is foreclosed by *Rietveld*, where the court rejected the same argument and upheld an award of monetary sanctions pursuant to section 575.2 and local rules. (*Rietveld, supra,* 121 Cal.App.4th at p. 257.) As the court explained, section 575.2, subdivision (a) "allows, as a penalty for violation of local rules, striking of pleadings, dismissal of part or all of an action, or 'penalties of a lesser nature as otherwise provided by law'" and "allows the moving party to recover fees and costs incurred in making the motion for sanctions. [Citation.] Monetary sanctions are penalties of a lesser nature than dismissal. And, [the] Local Rule [ ] provides for monetary sanctions to recompense fees and costs." (*Rietveld,* at p. 257.) The same is true here. As in *Rietveld*, the sanctions award "was based on the fees and costs" Dr. Makiyama incurred in preparing for and attending the issue conference where Anyia did not appear in violation of former local

3

rule 5, and "in making the motion for sanctions. Thus, the award was provided for by" section 575.2 and former local rule 25. (*Rietveld,* at p. 257.)

Next, Anyia claims he was denied due process because the court apparently did not permit him to appear telephonically at the hearing on the sanctions motion. "The imposition of sanctions always requires procedural due process," which includes "fair warning and an opportunity to be heard." (*Youngworth v. Stark* (1991) 232 Cal.App.3d 395, 406.) Here, Anyia received notice the court might impose monetary sanctions and an opportunity to be heard on Dr. Makiyama's motion. He opposed the motion in writing, but chose not to appear in person at the hearing. That the court did not allow Anyia to appear at the hearing by telephone does not demonstrate a denial of due process.

Anyia's final contention is the court awarded an "unfair and unreasonable" amount of sanctions. Without citing any authority, Anyia reiterates the claims he made in the trial court: defense counsel's travel time to the issue conference was "excessive and unreasonable" and one attorney, not two, should have attended the conference. The trial court was not persuaded by these arguments and neither are we. Under the circumstances, the amount of sanctions awarded was not excessive. (*Rietveld, supra,* 121 Cal.App.4th at p. 257.)

## DISPOSITION

The order imposing monetary sanctions against Anyia is affirmed. Dr. Makiyama shall recover costs on appeal from Anyia. (Cal. Rules of Court, rule 8.278(a)(2).)

4

_____

Jones, P.J.

We concur:

_____

Needham, J.

_____

Bruiniers, J.

A143567