Filed 1/30/26  Steele v. Paulee Body Shop CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NICOLAS STEELE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>PAULEE BODY SHOP, INC.,<br><br>    Defendant and Respondent. | B344258<br><br>Los Angeles County<br>Super. Ct. No.<br>23STCV04459 |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Affirmed in part, reversed in part with directions.

Law Offices of Miguel A. Munoz and Miguel A. Munoz for Plaintiff and Appellant.

Greenberg Glusker Fields Claman & Machtinger and Fred A. Fenster for Defendant and Respondent.

Plaintiff's attorney, Eric Bensamochan, appeals an order imposing $13,770 in monetary sanctions for his failure to attend a Final Status Conference (FSC) in violation of rule 3.25(f) of the Los Angeles Superior Court Local Rules (LASC Local Rules). (See Code Civ. Proc., § 575.2, subd. (a); LASC Local Rules, rules 3.10 & 3.37.)[1]  He contends the evidence is insufficient to support the amount of sanctions imposed.[2]  We agree the court erred in awarding sanctions greater than the amount of attorney fees that defendant incurred as a result of Bensamochan's rule violation. Accordingly, we reverse the order in part and direct the trial court to modify the order by reducing the sanctions to $2,430 for the time defense counsel spent traveling to and attending the missed FSC.  The order is otherwise affirmed.

---

[1]     Statutory references are to the Code of Civil Procedure.

[2]     Bensamochan also contends the court exceeded its jurisdiction by failing to follow the notice and procedure requirements of rule 2.30 of the California Rules of Court. We reject this argument.  Those requirements apply to sanctions ordered for violations of "the rules *in the California Rules of Court*" (*id.*, rule 2.30(a), italics added), while section 575.2 is the statute that authorizes sanctions for a *local rule* violation, as occurred here.  Although the statute requires "prior notice" and "an opportunity to be heard" (§ 575.2, subd. (a)), it does not require the court's order to show cause to "state the applicable rule that has been violated" (Cal. Rules of Court, rule 2.30(c)). Here, the court's order to show cause provided sufficient notice under section 575.2, at least with respect to Bensamochan's violation of the LASC Local Rule mandating attendance at the FSC.

## BACKGROUND

Plaintiff sued defendant for damages stemming from an alleged fraudulent conversion of insurance benefits totaling less than $22,000.

The court set an FSC for November 22, 2024 with a jury trial scheduled for December 2, 2024. Bensamochan failed to appear for the FSC and did not notify the court or opposing counsel that he would miss the hearing. The court continued the FSC and trial date to December 3, 2024 and issued an order to show cause (OSC) regarding sanctions "for Plaintiff's Counsel's Failure to Appear on 11/22/2024 and Failure to File Trial Documents." The OSC specified that "Sanctions may include dismissal."

Bensamochan submitted a declaration in response to the OSC. He explained that he failed to appear for the FSC because (a) his office was in "the midst of switching over from one practice management software to another" and the FSC date was inadvertently omitted from the office's interim calendaring system during the migration; and (b) his "small office" had failed to catch and correct the calendaring oversight because "two major emergency filings" in the preceding two weeks had consumed an inordinate amount of the staff's time. Bensamochan acknowledged that he "should have been monitoring the docket of this case and been able to notice and correct the calendaring issue" himself, and he "humbly" asked the court to forgive his "inadvertent error and allow this case to proceed normally."

As for the failure to file trial documents, Bensamochan explained that he had been working with defense counsel and "provided [defense counsel] with Plaintiff's Joint Jury Instructions, Jury Questionnaire, Joint Exhibit List, Joint

3

Witness List, and Joint Statement to the Jury," all of which were included in "joint documents" that were timely filed with the court before the FSC. He had attempted to re-file the joint trial documents himself on November 27, 2024 in advance of offering his OSC response, but the court's electronic filing system had rejected the filing with the notification that it was "Unable to file a previously filed document." Bensamochan again accepted "full responsibility" for not filing the joint documents himself and asked that the case not be dismissed.

On December 3, 2024, the court held the continued FSC. Both counsel were present. Although plaintiff had posted jury fees, Bensamochan waived a jury, forcing the court to vacate the trial date and to schedule a new trial setting conference for January 2025.[3] After hearing from Bensamochan and considering his declaration, the court ordered him to pay monetary sanctions to defendant's attorney "in an amount to be determined" based on defense counsel's declaration with "the requested sanction[s] amount."

Defendant's attorney, Fred Fenster, filed a declaration requesting a total of $13,770 in sanctions for 15.3 hours of work at a rate of $900 an hour. The declaration divided the work into six categories. With respect to the first three categories, Fenster requested a total of $6,480 for 7.2 hours of work spent on preparation of the joint trial documents, including Fenster's review of "the Jury Instructions, Special Verdicts, Witness List, Exhibit List and Joint Statement to the Jury submitted by

---

[3]     Defendant had requested a jury, but failed to post fees in October 2023, prompting the court to find that defendant had waived jury trial.

4

Plaintiff's counsel." For the fourth category, he requested $2,430 for 2.7 hours spent traveling to and attending the FSC that Bensamochan had failed to attend on November 22, 2024. For the fifth category, he requested another $2,430 for 2.7 hours spent traveling to and attending the continued FSC that Bensamochan did attend on December 3, 2024. And, for the sixth category, Fenster requested another $2,430 for 2.7 hours that he apparently anticipated he would spend traveling to and attending a hearing on December 13, 2024 that had yet to occur.[4]

Bensamochan objected, emphasizing most of the requested sanctions stemmed from work Fenster had undertaken in connection with the *joint* trial documents that were *timely* filed in advance of the FSC. With respect to those joint documents, Bensamochan authenticated correspondence showing that he had—at Fenster's request and direction—provided Fenster with plaintiff's part of the joint trial documents, and Fenster (through his legal assistant) had confirmed *Fenster's office* would file the joint documents in advance of the FSC. Because Bensamochan had participated in preparation of the joint trial documents and his failure to attend the FSC did not affect their timely submission, he argued it would be inequitable for the court to impose sanctions for that work.

Similarly, Bensamochan maintained Fenster's sanctions request for three appearances—including an appearance on December 13, 2024 that would never take place—was excessive. While he acknowledged his failure to appear at the originally-scheduled FSC had resulted in 2.7 hours of "wasted" effort for Fenster, Bensamochan disputed that the continued FSC

---

[4]     Fenster executed his declaration on December 5, 2024.

—at which he did appear—was similarly wasted. Thus, Bensamochan argued any monetary sanctions imposed by the court should be limited to the 2.7 hours that Fenster had spent traveling to and attending the missed FSC.

The court ordered Bensamochan to pay Fenster's firm the full $13,770. The order states that the sanctions are based on Bensamochan's failure to attend the original FSC on November 22, 2024 and failure to file an "Exhibit List, Witness List, Jury Instructions, a Verdict Form and a Statement to the Jury" in violation of LASC Local Rules, Rule 3.25(f).

## DISCUSSION

We review orders for monetary sanctions under the deferential abuse of discretion standard. (*Vidrio v. Hernandez* (2009) 172 Cal.App.4th 1443, 1452 (*Vidrio*).) In applying this standard, we determine " 'whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion.' [Citation.] We do not substitute our own judgment for that of the trial court, but determine only if any judge reasonably could have made such an order." (*In re Marriage of Schlafly* (2007) 149 Cal.App.4th 747, 753.) "The scope of the trial court's discretion is limited by the governing law, and an action that ' " 'transgresses the confines of the applicable principles of law' " ' constitutes an abuse of discretion." (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 789.)

"Section 575.2 authorizes the superior courts to provide by local rule for sanctions, including monetary sanctions in the form of reasonable attorney fees, for failure to comply with

6

any of the requirements of properly promulgated local rules."[5] (*Vidrio, supra,* 172 Cal.App.4th at p. 1455.)  Consistent with this statutory authority, LASC Local Rules, rule 3.10 provides that "[t]he court may impose appropriate sanctions for the failure or refusal to comply with the rules [governing civil cases], including the time standards and/or deadlines, and any court order made pursuant to the rules."  LASC Local Rules, rule 3.37 specifies that "appropriate sanctions" may include "dismissal, striking of pleadings, vacation of trial date, and monetary sanctions in the amount of costs and actual expenses, including reasonable attorneys' fees incurred by other parties."

LASC Local Rules, rule 3.25(f) governs final trial preparation for civil matters and directs that counsel "must attend a final status conference, which the court will set not

---

[5]     Section 575.2 provides:  "(a) Local rules promulgated pursuant to Section 575.1 may provide that if any counsel, a party represented by counsel, or a party if in pro se, fails to comply with any of the requirements thereof, the court on motion of a party or on its own motion may strike out all or any part of any pleading of that party, or, dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose other penalties of a lesser nature as otherwise provided by law, and may order that party or his or her counsel to pay to the moving party the reasonable expenses in making the motion, including reasonable attorney fees.  No penalty may be imposed under this section without prior notice to, and an opportunity to be heard by, the party against whom the penalty is sought to be imposed. [¶] (b) It is the intent of the Legislature that if a failure to comply with these rules is the responsibility of counsel and not of the party, any penalty shall be imposed on counsel and shall not adversely affect the party's cause of action or defense thereto."

7

more than ten days prior to the trial date." Rule 3.25(f)(1) mandates that, "[a]t least five days prior to the final status conference, counsel must serve and file lists of pre-marked exhibits to be used at trial [citations], jury instruction requests, trial witness lists, and a proposed short statement of the case to be read to the jury panel explaining the case." Rule 3.25(g) allows for "different trial preparation procedures," including the submission of a "joint statement to be read to the jury"; a "joint witness list"; a "joint exhibit list"; and a "set of agreed jury instructions."

The trial court ordered Bensamochan to pay sanctions "based upon" his violation of LASC Local Rules, rule 3.25(f). Specifically, the court found Bensamochan had violated the local rule by (a) failing to appear at the original FSC on November 22, 2024; and (b) failing to file trial documents. Based on these findings, the court ordered Bensamochan to pay $13,770 in sanctions—the full amount set forth in Fenster's declaration for every task listed in it. While the court plainly acted within its discretion to impose sanctions for Bensamochan's admitted failure to attend the FSC, we conclude the evidence did not support the amount of sanctions imposed under the applicable local rules.

The record leaves no doubt that the largest part of the sanctions award (a total of $6,480 for 7.2 billable hours) was attributable to time Fenster spent working on the trial documents—specifically, the *joint* trial documents that he and Bensamochan prepared together at *Fenster's* request and direction, which were timely filed with the court before the FSC. The undisputed evidence shows that, on October 30, 2024, Fenster sent a letter to Bensamochan notifying his opposing

8

counsel that, "[p]ursuant to the Los Angeles County Court rules," the parties were required to file a "Joint Witness List," a "Joint Exhibit List," a "Joint Statement to be read to the jury," and a "set of agreed jury instructions" in advance of the FSC. Fenster requested that the parties exchange their respective proposed documents by November 8, 2024 "to enable us to work together to prepare the joint pleadings." Bensamochan declared that he provided Fenster with "Plaintiff's Joint Jury Instructions, Jury Questionnaire, Joint Exhibit List, Joint Witness List, and Joint Statement to the Jury" as requested, and that these "joint documents were served on [his] office on November 14th and filed with [the trial court] on that same day." Fenster's declaration confirmed he received plaintiff's proposed documents from Bensamochan, as Fenster requested $1,080 of sanctions for 1.2 hours that he spent reviewing the trial documents "submitted by Plaintiff's counsel." A November 14, 2024 email from Fenster's legal assistant likewise corroborated Bensamochan's undisputed declaration. That email notified Bensamochan that Fenster's office would be filing the joint trial documents on November 14, 2024 to meet the mandatory deadline set in LASC Local Rules, rule 3.25(f)(1).

As discussed, the LASC Local Rules authorize the court to "impose appropriate sanctions for the failure or refusal to comply with the rules" governing "time standards and/or deadlines" in civil cases (LASC Local Rules, rule 3.10), which may include "monetary sanctions in the amount of costs and actual expenses, including reasonable attorneys' fees incurred by other parties" (*id.*, rule 3.37). Here, the undisputed evidence shows Bensamochan and Fenster *jointly* prepared the trial documents, and these joint documents were filed with the

trial court by the mandatory deadline. There simply is no evidence to support the court's finding that "none of the required trial documents" were filed, let alone that Bensamochan's failure to file a duplicate set of joint trial documents caused defendant to incur the $6,480 of attorney fees that Fenster included in his declaration for his work on these documents.[6] We agree with Bensamochan that the trial court abused its discretion under the LASC Local Rules by imposing sanctions to reimburse defendant for this expense.

We likewise agree with Bensamochan that the trial court abused its discretion by imposing sanctions for Fenster's travel and attendance at two of the three hearings listed in his declaration. One of those hearings—an "OSC appearance" on December 13, 2024—never took place, so there plainly was no basis to sanction Bensamochan $2,430 for 2.7 hours that Fenster could not ethically have billed to his client.

The expenses attributed to the other hearing—another $2,430 for 2.7 hours that Fenster spent traveling to and attending the continued FSC hearing on December 3, 2024—also cannot reasonably be charged as sanctions for Bensamochan's failure to attend the original FSC on November 22, 2024. The LASC Local Rules authorize sanctions to reimburse a party for "actual expenses" incurred due to the other party's rule violation—they do not authorize sanctions to reimburse a party for expenses it would have incurred in the normal course of

---

[6] As discussed, Bensamochan presented court records showing he attempted to file the joint trial documents himself on November 27, 2024 in advance of offering his OSC response, but the court's electronic filing system had rejected the filing because it was "Unable to file a previously filed document."

10

litigation. (LASC Local Rules, rule 3.37.) Bensamochan failed to attend the original FSC and was reasonably sanctioned for this rule violation, which resulted in an additional expense that defendant incurred for Fenster's wasted appearance. But Bensamochan did not violate a local rule by attending the continued FSC, nor did defendant incur any expense that it would not otherwise have incurred for Fenster's attendance. Indeed, just as Bensamochan's attendance at the FSC was mandatory, so too was Fenster's under LASC Local Rules, rule 3.25(f). The trial court abused its discretion under LASC Local Rules, rule 3.37 by sanctioning Bensamochan for expenses that defendant incurred in the normal course of litigation that did not result from Bensamochan's rule violation.

Defendant argues the trial court had broad discretion under section 128.5 to impose all $13,770 in sanctions because Bensamochan's failure to notify the court or opposing counsel that he would not attend the FSC amounted to "discourteous conduct" and "a 'delaying tactic'" under the statute. Even if we accept that Bensamochan's conduct was sanctionable under section 128.5, that statute—like the LASC Local Rules—authorizes the trial court to order sanctions to reimburse only those "reasonable expenses, including attorney's fees, incurred by another party *as a result of*" the offending conduct. (§ 128.5, subd. (a), italics added.) As we have discussed, the only additional expense that defendant incurred as a result of Bensamochan's rule violation was the $2,430 that Fenster billed for the 2.7 hours he spent traveling to and attending the original FSC that Bensamochan failed to attend. The evidence supports no more sanctions than this.

11

## DISPOSITION

The order imposing monetary sanctions against Eric Bensamochan is reversed in part and the trial court is directed to modify the order to impose sanctions in the reduced amount of $2,430. In all other respects the order is affirmed. The parties shall bear their own costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, Acting P. J.

We concur:

ADAMS, J.

HANASONO, J.

12