[No. B096730. Second Dist., Div. Four. July 25, 1996.]

VICKI LYN EBY, Plaintiff and Appellant, v.
RICHARD CHASKIN et al., Defendants and Respondents;
BUFFY LYN RONEY, Objector and Appellant;
DANIEL SHANLEY, Objector and Respondent.

**COUNSEL**

Buffy Lyn Roney and Daniel Shanley for Plaintiff and Appellant, for Objector and Appellant, and for Objector and Respondent.

Rick Edwards and Ken Yuwiler for Defendants and Respondents.

**OPINION**

**BARON, J.**—At a judgment debtor examination, the court imposed sanctions on the judgment debtor's counsel. We conclude that the court's decision to impose sanctions violated due process and reverse the order awarding sanctions.

## Factual and Procedural Background

The record in the present appeal discloses the following facts.[1] On January 13, 1995, judgment was entered in favor of respondents and against plaintiff and appellant Vicki Lyn Eby in the underlying action. The judgment awarded respondents their costs and disbursements.

On March 27, 1995, Eby was ordered to appear at a judgment debtor examination set for May 15, 1995. Eby failed to appear at the examination, but her counsel, Buffy Lyn Roney, was present. Roney told the court Eby was ill and unable to attend. The examination was continued to May 31.

On that date, Eby appeared and was represented by Daniel Shanley. However, Eby failed to produce some documents she had been required to bring. Eby alleged she had not received a full copy of the request for production of documents. The court ordered her to obtain a declaration from her doctor concerning her failure to appear at the May 15 hearing and continued the examination to June 28.

On June 28, Eby appeared, apparently with the required documents, but without her counsel. The examination proceeded in her counsel's absence. The court's June 28 minute order states that "[t]he court orders counsel for the judgment debtor, D. M. Shanley and Buff [*sic*] Romey [*sic*] to pay attorney fees jointly [and] severally the amount of $500.00 within 15 days of the service of the order." The court ordered the judgment creditor to prepare an order.

On August 3, Eby filed a motion for reconsideration of the sanctions order. Roney's attached declaration stated that Eby had told Roney before the May 15 hearing that she was ill, that through an error in fax transmission Eby did not receive a full copy of the request for production of documents from Roney prior to the May 31 hearing, that Roney did not appear at the June 28 hearing because she was called away for a surprise military inspection, and that Roney never had notice that sanctions might be imposed upon

---

[1]We note with disapproval the poorly prepared record in this appeal. Neither the appellant's nor the respondents' appendices conform to the requirements of the California Rules of Court, rule 5.1. The appendices contain unconformed copies of pleadings and copies of documents never filed or lodged with the court. (Cal. Rules of Court, rule 5.1(c)(1).) The appellant's appendix is improperly paginated, is not ordered chronologically, and lacks minute orders relevant to the issues raised on appeal, as well as other required documents. (Cal. Rules of Court, rules 5.1(b)(2), (b)(3), and (c)(1).) The respondents' appendix is not ordered chronologically and lacks proper indices. (Cal. Rules of Court, rule 5.1(c)(1).)

her personally. On August 11, Eby filed an objection to the proposed order, contending that the court had ordered Eby, and not her counsel, to pay sanctions.

On or about August 15, the judgment creditors filed their opposition to the motion for reconsideration.[2] Attached was a declaration by their counsel, Ken Yuwiler, who stated that Eby never provided the court-ordered doctor's declaration, that Eby made statements at the June 28 hearing about her May 15 absence that contradicted Roney's representations to the court on May 15, and that neither Shanley nor Roney gave him or the court notice they could not attend the June 28 hearing. Yuwiler also stated that he had requested reimbursement of attorney fees at each of the three hearings, and that the court had deferred ruling on his requests at the first two hearings.

A hearing on the motion for reconsideration occurred on August 22. On August 23, the court denied the motion and signed the order awarding sanctions.[3] The order notes the nonappearance of Eby's counsel at the June 28 hearing, but is silent as to the factual and legal basis for the sanctions.

Roney, but not Shanley, appealed from the August 23 sanctions order.

### DISCUSSION

■ Roney contends that (1) sanctions were imposed with insufficient notice and opportunity to be heard, (2) sanctions were not warranted under the substantive standards governing Code of Civil Procedure section 128.5, (3) the order is inadequate under the procedural standards governing section 128.5 sanctions, and (4) respondent has failed to cite an adequate alternative basis for the sanctions.[4] We agree with Roney's first, third, and fourth contentions.

---

[2]Neither party has provided a conformed copy of this document.

[3]The August 23 minute order also contains a notation that the court took the matter under submission. This notation appears to be an error.

[4]There is no reporter's transcript of the relevant hearings in the record. Our review is therefore limited to errors that appear on the face of the record. (See Cal. Rules of Court, rule 52; *National Secretarial Service, Inc.* v. *Froehlich* (1989) 210 Cal.App.3d 510, 521-522 [258 Cal.Rptr. 506]; *Ehrler* v. *Ehrler* (1981) 126 Cal.App.3d 147, 154 [178 Cal.Rptr. 642].)

The parties' briefs raise disputes as to whether a reporter's transcript of relevant hearings was available, and if so, why it was not designated. Appellants contend that respondents prevented them from identifying reporters who transcribed the hearings. Respondents contend that no reporter's transcripts exist. However, neither party has provided us with a proper evidentiary basis for resolving these disputes.

"Due process mandates adequate notice and opportunity to be heard prior to the imposition of sanctions. [Citation.]" (*Barrientos* v. *City of Los Angeles* (1994) 30 Cal.App.4th 63, 70 [35 Cal.Rptr.2d 520].) Lawyers should be given an opportunity to explain their conduct before sanctions are ordered. (See *id.* at p. 71.)

The record here demonstrates that the court did not give Roney an opportunity to be heard before ordering her to pay sanctions. Roney never had a chance to explain discrepancies between her statements about Eby's absence at the May 15 hearing and Eby's statements about this absence at the June 28 hearing because Roney was not present at the June 28 hearing. Moreover, she never had an opportunity to explain her role in Eby's failure to produce documents at the May 31 hearing because Roney was not present at the May 31 and June 28 hearings. The court nonetheless decided to order sanctions at the June 28 hearing despite Roney's absence and *prior* to Roney's explanation for her absence. This decision was therefore taken before Roney had an opportunity to explain any conduct for which she could be held accountable.

In addition, the sanctions order does not meet the requirements of the two potential statutory bases respondents cite in support of the order. The order does not recite details of the conduct or circumstances that justify imposition of sanctions on Roney, contrary to Code of Civil Procedure section 128.5, subdivision (c).[5] Code of Civil Procedure section 708.170, subdivision (a)(2), permits sanctions against a person required by court order to appear at a judgment debtor examination for failure to appear, but contains no provision for awarding sanctions against such a person's counsel. (See Code Civ. Proc., § 708.170.) Section 708.170 therefore does not support imposition of sanctions on Roney.

Although Shanley did not appeal the sanctions order, the aspects of the order that affect Shanley and Roney are so intertwined that the order is reversed with respect to both lawyers. (See *Estate of McDill* (1975) 14 Cal.3d 831, 840 [122 Cal.Rptr. 754, 537 P.2d 874]; *Blache* v. *Blache* (1951) 37 Cal.2d 531, 538 [233 P.2d 547].)

---

[5]Section 128.5, subdivision (c), provides in pertinent part that "[a]n order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

## DISPOSITION

The order is reversed as to both Roney and Shanley. Appellant is to recover costs.

Vogel (C. S.), P. J., and Hastings, J., concurred.