Filed 9/2/15  Formosa Gardens Homeowners Assn. v. Krechmer CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| FORMOSA GARDENS HOMEOWNERS ASSOCIATION et al., | B255916 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC495900) |
| v. | |
| DANIEL KRECHMER, | |
| Defendant and Respondent. | |

Appeal from judgment of the Superior Court of Los Angeles.  Malcolm Mackey, Judge.  Reversed.

Law Office of Christie Gaumer, Christie Gaumer for Plaintiffs and Appellants.

Richardson Harman Ober, Kelly G. Richardson, Brian D. Moreno for Defendant and Respondent.

_____

In a protracted dispute over control of a homeowner association, two members of the five-member association appeal from a judgment following a grant of summary judgment, and from an award of attorney fees in favor of another association member. We reverse the award.

## Background[1]

**The Complaint**

Plaintiffs Formosa Gardens Homeowners Association (FGHOA), Keith Worthy, Colin Fulford, and Alexei Durack, filed a complaint seeking declaratory and injunctive relief against Daniel Krechmer.[2] The November 19, 2012 complaint, alleged (in pertinent part) that Formosa Gardens is a five-unit condominium in Los Angeles; that Krechmer was a resident and homeowner at Formosa Gardens, and the former president of the FGHOA; that sometime after Formosa Gardens' development and FGHOA's creation, the Davis-Stirling Common Interest Development Act[3] was enacted, mandating homeowners-associations' compliance with provisions for governance and election of directors and officers; that defendant Krechmer had refused to comply with the law's election requirements; that the plaintiffs had seen indications of questionable or improper

---

[1] This court is not aided in its review by the parties' failure to adhere to rules 8.124(d)(1) and 8.144(a)(1)(C) of the California Rules of Court, requiring chronological arrangement of records included in their respective appellate appendices (see *Eby v. Chakin* (1996) 47 Cal.App.4th 1045, 1047), and the failure of appellants to comply with rules 8.122(b)(1)(F) and 8.124(b)(1)(A), requiring inclusion of the lower court's register of actions in an appellant's appendix.

[2] The complaint's caption, as well as most of the subsequent pleadings and documents in the record, identify Ms. Durack as "Alexis Durack." But appellants' briefs in this court identify her as "Alexei Durack." The judgment filed February 21, 2014, identifies her as "Alexis Durack, also known as Alexei Durack."

[3] The Davis-Stirling Common Interest Development Act was enacted as Civil Code sections 1350 through 1378, originally operative as of January 1, 1986. The Act was repealed and re-enacted, as revised, as Civil Code sections 4000 through 6150, effective January 1, 2013, operative January 1, 2014. (Stats. 1992, ch. 162, § 3 (Assem. Bill No. 2650).)

spending of FGHOA funds during Krechmer's tenure as president, which Krechmer refused to explain; and that Krechmer had moved his residence from Formosa Gardens in October 2012, leaving no records for FGHOA's continuing operations.

The complaint further alleged that on November 5, 2012, "the homeowners" held an emergency meeting at which they voted to recall the current directors of FGHOA and to elect Worthy, Fulford, and Durack as new directors, to authorize a criminal complaint against Krechmer for embezzlement, and to authorize the association to retain an attorney to bring the FGHOA into compliance with Davis-Stirling Act requirements. In a single cause of action the complaint seeks a judicial declaration of the parties' rights with respect to their representative status in the FGHOA. Its prayer asks for various declarations (identified in greater detail below), primarily that Krechmer cannot act as FGHOA's president, that he was never legally entitled to act as FGHOA's president, and that the plaintiffs are the FGHOA's true board. And the complaint seeks attorneys' fees and costs.

**Demurrer to Complaint and Anti-SLAPP Motion**

Krechmer demurred on December 5, 2012, primarily on two grounds: that the purported November 5, 2012 "emergency" meeting was invalid, because the law does not permit emergency special membership meetings of common interest developments without proper notice (Corp. Code, § 7222); and that (former) Civil Code sections 1369.510, 1369.520, and 1369.560 (now Civ. Code, §§ 5925, 5930, & 5950) prohibit a homeowners association or its members from filing an enforcement action without first trying to submit their dispute to alternative dispute resolution and filing a certificate of compliance. (Code Civ. Proc., § 431.10, subd. (e).) On January 7, 2013, Krechmer also filed an anti-SLAPP motion to strike the complaint, arguing (as had his demurrer) that the complaint was a continuation of Worthy's earlier unsuccessful action.[4] (Code Civ. Proc., § 425.16.)

---

[4] Worthy apparently had been the plaintiff in a previous lawsuit challenging Krechmer's status as FGHOA board member and president, which lawsuit was ended by

3

The plaintiffs' January 9, 2013 "objection" to the demurrer argued that Krechmer was disqualified from relying on the Davis-Stirling Act due to his own failure to comply with the act's requirements, that the plaintiffs had provided the required notice for the emergency meeting, and that they had properly alleged their pre-filing dispute-resolution efforts and Krechmer's refusal to respond. Attached were unauthenticated copies of meeting notices and declarations, and email communications between the Formosa Gardens homeowners regarding them.

The court heard and denied the anti-SLAPP motion on May 8, 2013. It found that the SLAPP statute applied, but Krechmer had failed to conclusively negate the plaintiffs' potentially meritorious theories.

**Application for Temporary Restraining Order and Preliminary Injunction**

On June 21, 2013, the plaintiffs sought an ex parte temporary restraining order (TRO), restraining Krechmer from acting on behalf of the FGHOA until a preliminary or permanent injunction could be sought. The court set an order to show cause re preliminary injunction for July 2, 2013, reciting Krechmer's agreement to take no further action pending the hearing. After the July 2, 2013 hearing, the court denied the requested relief. On July 3, 2013, Krechmer renewed his demurrer to the complaint.[5]

**Answer to Complaint**

Krechmer answered the complaint on August 19, 2013, generally denying its allegations and asserting affirmative defenses.

**Renewed Application for TRO**

On August 20, 2013, the plaintiffs filed a renewed ex parte application for a TRO and order to show cause against Krechmer, to be heard on September 26, 2013. Krechmer filed an opposition the same day, requesting an order to show cause for sanctions against the plaintiffs.

---

Krechmer's successful anti-SLAPP motion. Durack and Fulford are also apparently Formosa Gardens residents (although the complaint does not expressly say so).

[5] The record does not reflect that the renewed demurrer was ever heard.

The court granted the TRO request and issued an order to show cause re preliminary injunction. The order prohibited Krechmer from holding any election without the court's consent, from representing himself as a FGHOA director, from collecting FGHOA homeowner fees, from maintaining FGHOA bank accounts, and from directing FGHOA's contractors. It ordered Krechmer to turn over FGHOA bank accounts to Worthy, and to show cause why he should not provide the plaintiffs with FGHOA insurance and claims information, and documentation of past elections and finances.

**Discovery Requests**

On August 22, 2013, Krechmer noticed the depositions of Worthy, Fulford, and Durack, and requested extensive written discovery.

**Application for Modification of TRO**

On August 25, 2013, Krechmer applied ex parte for orders vacating, modifying or clarifying the August 20 TRO, and scheduling an election. The ex parte request also sought leave to file a cross-complaint. In a declaration filed August 26, Krechmer's counsel averred that he had made a proposal to plaintiffs' counsel for resolution of the parties' disputes concerning future FGHOA elections, that plaintiffs' counsel had rejected the offer, and that he made a further settlement offer to which he had received no response. He averred also that a number of the acts required by the court's August 20 TRO were beyond Krechmer's power to accomplish, and that three of the five homeowners of Formosa Gardens favor Krechmer as a FGHOA director.

The court's August 26, 2013 minute order, neither granted nor denied relief, but instead ordered the parties' counsel to attempt to resolve the issues. The order recites the parties' agreement to hold an election on October 30, and to exchange information concerning the election, to delay any tree trimming, to refrain from any action concerning the FGHOA management contract, and to provide the plaintiffs with information about the FGHOA bank account.

5

**Cross-Complaint Against Plaintiffs**

On September 3, 2013, Krechmer cross-complained against the plaintiffs (FGHOA, and the individual plaintiffs, Worthy, Fulford, and Durack), seeking a determination that the November 5, 2012 meeting was invalid, and also seeking enforcement of an alleged August 26, 2013 stipulation for an annual meeting and election to be conducted on October 30, 2013. Each of the cross-complaint's three causes of action sought "reasonable costs of suit and attorney fees incurred in prosecuting this action pursuant to the governing documents and Civil Code Sections 1354(c), 1363.09 and 1717(a)."

**Dismissal of Complaint as to Individual Plaintiffs**

On September 6, 2013, plaintiffs Worthy, Fulford, and Durack filed requests for dismissal of their complaint against Krechmer. (Code Civ. Proc., § 581, subd. (c).) The court entered the dismissals on September 9, 2013.

**Denial of Preliminary Injunction**

The court's September 26, 2013 minute order, reflects that the court denied the requested preliminary injunction, "as fully reflected in the notes of the court reporter and incorporated by reference herein."[6]

**Answer to Cross-Complaint**

The cross-defendants answered the cross-complaint on November 1, 2013. Although the answer purports to be on behalf of "Plaintiffs and Cross Defendants," it recites that "FGHOA" denies the cross-complaint's allegations, and its caption page identifies the filing attorney as "Attorney for FGHOA" (rather than for "Cross-Defendants").

---

[6] No transcript of the September 26, 2013 proceedings was designated for inclusion in the record on appeal. The notice of ruling filed by Krechmer's counsel recites that the court also permitted an annual meeting and election, although the minute order does not mention of such a ruling.

**Motions for Summary Judgment and for Attorneys' Fees**

Krechmer filed two motions on November 4, 2013: a motion for summary judgment or summary adjudication; and a motion for attorney fees. Krechmer sought judgment against the individual plaintiffs and cross-defendants on the grounds that the individual plaintiffs had dismissed their complaint, and that they had stipulated that the November 5, 2012 special membership meeting, did not comply with the law or FGHOA's governing documents. Krechmer sought summary judgment against FGHOA on the grounds that the November 5, 2012 meeting was invalid, that FGHOA lacked standing to sue, that the lawsuit was time-barred, and that Krechmer was immune from liability under the business-judgment rule. The motion sought summary adjudication in the alternative, on essentially the same grounds.

The motion for attorney fees sought a $40,230 award against FGHOA and the individual plaintiffs and cross-defendants. It cited Civil Code section 1354, subdivision (c) in support of the award (contending that Civ. Code, § 1717, subd. (b)(2) does not apply).

The plaintiffs and cross-defendants opposed the summary judgment motion, filing an opposition to Krechmer's separate statement of undisputed facts (apparently as well as a concurrent memorandum in opposition to the motion, which does not appear in the parties' respective appendices). No opposition was filed to the attorney-fee motion.

The court heard the motions for summary judgment and for attorney fees on January 27, 2014. (The previously continued motion for preliminary injunction, and a motion to disqualify plaintiffs' counsel for alleged conflicts of interest, were also set for hearing that day. The court denied those motions, without comment.)

**Orders Granting Summary Judgment and for Attorneys' Fees**

The court granted summary judgment on the complaint and cross-complaint in Krechmer's favor at the January 27, 2014 hearing; and it awarded Krechmer attorney fees of $30,000 against FGHOA, Worthy, Fulford, and Durack. Judgment reflecting these rulings was entered in Krechmer's favor on February 21, 2014. Notice of the order's entry was filed and served March 14, 2014.

7

**The New Trial Motion**

On April 1, 2014, Durack and Fulford filed a motion for a new trial or to vacate the verdict. As grounds for new trial, the motion (as amended) cited irregularity in the proceedings, improper orders, and abuse of discretion (Code Civ. Proc., §§ 657, subd. (1) & 663); excessive damages (Code Civ. Proc., § 667, subd. (5)); and error in law (Code Civ. Proc., § 667, subd. (7)). (A motion by Durack and Fulford for reconsideration of the fee order was placed off calendar at the plaintiffs' request.)

The new trial motion argued that a new trial should be granted as to the attorney fee order, on two grounds: First, Durack's and Fulford's failure to file opposition to the fee motion resulted from counsel's mistake, which the trial court should have excused at the hearing, permitting them to file a late opposition. Second, the "damages"—the fees awarded by the court—are excessive as to Durack and Fulford, because they did not actively participate in the action, and they were named as plaintiffs only because together they own a condominium in the project.

On April 25, 2014, the trial court denied the new trial motion. Its minute order briefly explains its ruling: (1) the statute does not permit a new trial motion based on an issue of fact in an attorney-fee ruling; and (2) the attorney fee ruling was in any event correct on the merits, because a failure to file a timely opposition to the fee motion gives the court discretion to find a waiver of any opposition, which waives the issue on appeal.

**The Notice of Appeal**

On April 28, 2014, appellants Durack and Fulford filed a notice of appeal from "the judgment entered on February 21, 2014, notice of which was served on February 27, 2014 and on March 14, 2014, a motion for new trial thereon which was denied on April 25, 2014"—and from all other appealable orders and rulings, including from the denial of the new trial motion, the grant of summary judgment, and the grant of attorneys' fees.

8

## A. Standard of Review

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. [Citation.] We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

## B. Orders Appealed

Judgment was entered against Durack and Fulford on February 21, 2014. Notice of its entry was given on March 14, 2014. The appeal from the judgment filed April 28, 2014 therefore is timely. (Cal. Rules of Court, rule 8.104(a)(1)(B) [notice is timely within 60 days after filing and service of notice of entry].)

**1. The motion for summary judgment and supporting factual statements failed to address issues raised by the complaint and cross-complaint; summary judgment therefore was erroneously granted.**

The complaint alleged that the homeowners of FGHOA held an emergency meeting on November 5, 2012, at which they voted to (among other things) recall the then-current directors (including Krechmer) and to elect the individual plaintiffs as directors.[7] It also alleges a number of acts of wrongdoing (actual and suspected) it attributes to Krechmer, including refusing to comply with the mandates of the Davis-Stirling Act regarding elections for directors and financial reporting, use of FGHOA funds, disclosures to FGHOA homeowners, and removal of records necessary for FGHOA operations. It sought a judicial declaration of the rights of the plaintiffs and Krechmer with respect to the FGHOA. Specifically, it sought a declaration that

---

[7] The complaint actually alleges in paragraph 11 that the homeowners voted at the November 5, 2012 meeting, to elect "Alexis Fulford, Keith Worthy, and Colin Fulford" as directors—apparently misnaming plaintiff Durack. The parties have not indicated that the apparent error has any significance here, nor do we see any.

Krechmer is not, and never was, authorized to act as the FGHOA president, and his recall as a director was valid and lawful; it sought a declaration that the plaintiffs' election to the FGHOA board was valid and lawful, and they are the board's true members; and it sought a declaration that Krechmer has no authority to direct professionals and others hired by FGHOA, and those hired by FGHOA owe their duties to FGHOA, not to Krechmer.

The cross-complaint against the individual plaintiffs and FGHOA sought a determination that the November 5, 2012 meeting was invalid; and it sought enforcement of an alleged August 26, 2013 stipulation, for an annual meeting and election to be conducted on October 30, 2013.

Krechmer's summary judgment motion argued that summary judgment against Durack, Fulford, and Worthy is appropriate because they stipulated that the November 5, 2012 special membership meeting, did not comply with the Davis-Stirling Common Interest Development Act and the FGHOA governing documents; because they had dismissed their complaint against Krechmer; and because the November 5, 2012 meeting was void as a matter of law. It contends that summary judgment is also appropriate against FGHOA, because the November 5, 2012 meeting was invalid.[8]

---

[8] The motion's supporting declaration alleges (among other things) that the plaintiffs' counsel had agreed that the plaintiffs would stipulate that the November 5, 2012 emergency meeting, "was not held according to code, although Plaintiffs would not stipulate that the November 5, 2012 meeting was invalid." The declaration authenticates a copy of the stipulation. The "Stipulation Of Undisputed And Admitted Facts," signed by counsel for the plaintiffs and for Krechmer, stipulates that the "recall meeting" did not have a quorum, that there was no petition to the board to call a special membership meeting, as required by FGHOA bylaws; that ballots were not given to the membership and an inspector of elections was not appointed, as required by specified provisions of Civil Code section 1363.03, and that "all of the members of Formosa Gardens were not provided with sufficient notice of the meeting as required by law." The motion's separate statement of undisputed facts alleges (among other things) that the November 5, 2012 meeting was void, because it violated the Davis-Stirling Act and the FGHOA governing documents, citing the plaintiffs' stipulation.

But the motion's supporting statement of undisputed facts does not even purport to address the complaint's allegations of actual or potential wrongdoing and Davis-Stirling Act violations by Krechmer, wholly apart from the invalidity of the November 5, 2012 meeting.[9] And it ignores the cross-complaint's cause of action seeking a court-ordered FGHOA election pursuant to an alleged open-court stipulation.[10]

The appeal challenges the summary judgment on two grounds: First, the motion's supporting separate statements state only legal conclusions, not statements of fact; "Without an actual undisputed fact, as opposed to a legal conclusion, the motion for summary judgment should not have been granted." Second, the trial court improperly decided issues of fact in granting summary judgment.

A stipulation of the parties' counsel that the November 5, 2012 meeting, violated the Davis-Stirling Act and the FGHOA governing documents in significant ways might well be enough to entitle Krechmer to a summary adjudication that the November 5, 2012 meeting, and that the actions purportedly taken at the meeting are invalid. But the stipulated facts could not entitle him to summary judgment, for his motion and supporting factual statements do not address the other issues raised by the complaint and cross-complaint.

The complaint alleges that Krechmer has acted as president of the FGHOA without complying with the Davis-Stirling Act's requirements for elections and financial reporting; that he has embezzled FGHOA funds; that he has taken FGHOA records necessary for the association's continued operations; that he represents to the plaintiffs and others that he is the FGHOA president, (despite his refusal to comply with the requirements for legal elections). And the complaint asks for relief that is not at all

---

[9] We do not address appellants' contention that the fact the stipulation is signed only by counsel precludes it from binding them as a discovery admission.

[10] Unmentioned by the parties is the fact that the documents supposedly supporting the motion's statement of undisputed facts (and for which judicial notice was requested in the trial court) are for the most part unauthenticated (even if the supporting facts were otherwise sufficient). (Evid. Code, §§ 250, 1401, subd. (a) [authentication of writing is required before it may be received in evidence].)

11

dependent on the validity of the November 5, 2012 meeting. It seeks judicial declarations that Krechmer is not, and never was, entitled to act as the association's president, and that Krechmer has no legal authority to direct the conduct of those dealing and contracting with the association, who owe their duties to the association and not to Krechmer. Nothing in the stipulation on which the summary judgment rests addresses or resolves these allegations.

Summary judgment may be granted only if the moving papers establish that the moving party is entitled, as a matter of law, to judgment on all claims raised by the pleadings. (Code Civ. Proc., § 437c, subd. (c); *Merrill v. Navegar, Inc.*, *supra*, 26 Cal.4th at p. 476.) The motion's failure to meet that burden is demonstrated by its failure to address the plaintiffs' claims in the complaint, as well as the claims of the cross-complaint, that are not dependent on the validity of the November 5, 2012 meeting—such as the claims that Krechmer is not and never was the association's rightful president, and that he has no authority to direct the conduct of those dealing and contracting with the association. Nor does it address the cross-complaint's claim for a declaration of right to a court-ordered FGHOA election of directors and officers. For these reasons alone (without regard to any other issue in this appeal), the judgment must be reversed.

### Conclusion

The judgment entered on the basis of the order granting summary judgment must be reversed. The judgment's reversal makes it unnecessary for us to address the parties' other contentions with respect to the judgment's validity, it eliminates the purported basis for the order granting attorneys' fees, requiring reversal of that order as well, and rendering moot the appeal from the new trial motion's denial.

## Disposition

The judgment is reversed, as is the order granting attorneys' fees. Appellants are entitled to their costs on appeal.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.


We concur:


JOHNSON, J.


MOOR, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.