Filed 11/30/23  P. v. El-Zein CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff,<br><br>        v.<br><br>ISMAEL RAGHEB EL-ZEIN,<br><br>    Defendant;<br><br>RAGHEB ISMAIL EL-ZEIN et al.,<br><br>     Objectors and Appellants;<br><br>OLGA DEQUILLIEN,<br><br>    Respondent. | G061492<br><br>(Super. Ct. No. 14HF1049)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Julian W. Bailey, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Gladych Law and John A. Gladych for Objector and Appellant Ragheb Ismail El-Zein.

John A. Gladych, in pro. per., for Objector and Appellant.

Coast Law Group, David A. Peck, Livia B. Beaudin and Amy C. Johnsgard for Respondent.

Ragheb Ismail El-Zein and his attorney John A. Gladych (collectively appellants) appeal from the trial court's postjudgment order imposing attorney fees and other expenses as sanctions pursuant to Code of Civil Procedure sections 128.5 and 708.170 (all further undesignated statutory references are to this code). The sanctions were imposed after Gladych unilaterally cancelled a stipulated examination related to restitution owed by El-Zein's son.

We conclude the trial court's order did not comply with section 128.5's demand for written details and that some of the attorney fees and all of the other expenses imposed on El-Zein were not authorized by section 708.170. We reverse in part, affirm in part, and remand for further proceedings.

FACTS

In 2013, El-Zein's then 20-year-old son,[1] drove an automobile after consuming alcohol and caused a collision that injured two victims, one of whom is Olga DeQuillien. The son pleaded guilty to two felony charges[2] and the trial court, as part of its jail sentence, ordered him to pay restitution to the victims totaling $532,434 plus interest.

In September 2021, counsel for the victims, Livia B. Beaudin, conducted a debtor's examination of El-Zein's son pursuant to the Enforcement of Judgments Law (Code Civ. Proc., § 680.010 et seq.; Pen. Code, § 1202.4, subd. (i) [covered restitution order "enforceable as if the order were a civil judgment"]). Subsequently, El-Zein was served with a trial court order to also undergo an examination (§ 708.120) and produce

---

[1] The son, Ismael (also known as Ismail) Ragheb El-Zein, is not a party to this appeal.

[2] The charges were reckless driving causing one or more specified injuries (Veh. Code, § 23105, subd. (a); counts 1-3) and driving with an illegal blood-alcohol concentration while under the age of 21 years (Veh. Code, § 23136, subd. (a); count 4). The guilty pleas were to counts 1 and 4 pursuant to a plea bargain.

documents in response to an accompanying subpoena (§ 1985 et seq.). At all relevant times, Gladych represented him.

The initial examination was ordered for March 28, 2022 (all dates without mention of the year will refer to 2022), then continued to April 21 at 9:00 a.m. based on the parties' stipulation, because Gladych requested a three-week delay, Beaudin agreed, and the trial court approved the stipulation. In a nutshell, the sanctions in this case were imposed because on April 20 at 3:52 p.m., Gladych, through his paralegal, advised Beaudin he would not be appearing.[3]

Beaudin appeared in the trial court and requested enforcement of the examination order. The court issued an order to show cause why sanctions should not be imposed for the nonappearance by appellants. Ultimately, the parties briefed the issue, completed an examination of El-Zein (on May 3), and the court entertained oral arguments on the sanctions issue.

As noted, the trial court granted the request for sanctions pursuant to sections 128.5 (frivolous bad faith conduct) and 708.170 (failure to appear for examination without good cause). Its order stated, among other things, that appellants were jointly liable to pay Beaudin's law firm for DeQuillien's "attorney[] fees and costs" in the amount of $11,102.72.

DISCUSSION

Appellants assert three grounds for reversal. They argue the sanctions order: (1) contains insufficient details under section 128.5; (2) awards fees not authorized by section 708.170; and (3) imposes sanctions that shock the conscience. Because there is merit to the first and second arguments, as discussed below, we conclude

---

[3] The paralegal's e-mail stated in its substantive entirety: "The Judgement [*sic*] Debtor Examination of our client, [El-Zein] needs to be rescheduled. [¶] Please contact me at your earliest convenience to reschedule the examination to a mutually convenient date. [¶] Thank you."

3

a partial reversal and remand for further proceedings is the appropriate disposition for this appeal.

I. *Standards of Review and Governing Statutes*

We generally review an exercise of statutory authority to impose monetary sanctions for abuse of discretion (*Vidrio v. Hernandez* (2009) 172 Cal.App.4th 1443, 1452), but where material facts are undisputed, we review application of the authorizing statute de novo (*Ribakoff v. City of Long Beach* (2018) 27 Cal.App.5th 150, 163). "'Our fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. [Citation.]' [Citation.] To accomplish this task, we look first to the words of the statute, because they '"generally provide the most reliable indicator of legislative intent."' [Citations.] Of course, the language of a specific section must be construed in the context of the larger statutory scheme of which it is a part. [Citations.]" (*Olmstead v. Arthur J. Gallagher & Co.* (2004) 32 Cal.4th 804, 811.)

Sections 128.5 and 708.170 independently authorize trial courts to order the payment of attorney fees as sanctions. (§ 128.5, subd. (h) ["The liability imposed by this section is in addition to any other liability imposed by law for acts or omissions within the purview of this section"].) Section 708.170 does not authorize sanctions against an examinee's counsel (see *Eby v. Chaskin* (1996) 47 Cal.App.4th 1045, 1049 [noting no provision for covered person's counsel]), but section 128.5, subdivision (a), explicitly does. We begin our review there.

II. *Analysis*

A. *Sanctions Imposed on Gladych*

As noted, appellants argue the trial court's order contains insufficient details under section 128.5. We agree on this point but disagree with appellants that there can be no basis whatsoever for sanctions under the statute.

Section 128.5's requirements are demanding. Most relevant here, it explicitly requires that "[a]n order imposing [sanctions] *shall be in writing* and *shall*

4

*recite in detail* the action or tactic or circumstances justifying the order." (§ 128.5, subd. (c), italics added.) Section 128.5 also specifies its sanctions must be based on "expenses . . . incurred . . . as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay" (§ 128.5, subd. (a)), with "'[f]rivolous'" defined as "mean[ing] totally and completely without merit or for the sole purpose of harassing an opposing party" (§ 128.5, subd. (b)(2)).

The sanctions order signed by the trial court in this matter was based on a proposed written order Beaudin had submitted four days before oral arguments. The reporter's transcript of the hearings on sanctions was not incorporated into the order. (See *Foundation for Taxpayer & Consumer Rights v. Garamendi* (2005) 132 Cal.App.4th 1375, 1388 ["The conduct or circumstances justifying the imposition of sanctions may be satisfied by incorporating by reference 'papers setting forth the conduct, circumstances, and legal arguments underlying the court's conclusions'"].)

The order recited the following findings: "Notice was duly given and [appellants] were given an opportunity to be heard. [¶] There is good cause to order sanctions against El-Zein and Gladych and award [DeQuillien] fees and costs. [¶] El-Zein failed to appear for his examination on April 21, 2022, after being properly served with an order for his appearance at the examination by a registered process server and such failure was without good ca[u]se. [¶] Gladych failed to appear at El-Zein's scheduled examination. Such failure to appear as well as Gladych's failure to timely notify both the [trial c]ourt and [Beaudin] of his failure, the circumstances of his failure, or his plan not to appear at the examination were frivolous actions made in bad faith which were solely intended to cause unnecessary delay and caused [DeQuillien] to incur attorney[] fees and costs for unnecessary legal service."

The written order does not pass muster under section 128.5 because of its lack of factual details.[4] A major benefit of the statute's explicit detail requirement is to allow for meaningful appellate review of a trial court's decision to impose sanctions (*Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 996 (*Childs*)) and the lack of detail here frustrates that purpose. Whether Gladych's notice of nonappearance was sufficiently dilatory for section 128.5 sanctions was a fact-sensitive issue. His after-the-fact declaration proffered the following explanation: the day before the stipulated examination, he "had to change [his] previous travel plan to drive [his] wife's 93-year-old uncle from Austin to [a medical center] in Houston[, Texas] . . . and [he] could not find a flight that would get [him] to Orange County in time for the examination," nor was he able to secure local counsel to appear in his stead.

On the face of the record, Gladych's failure to let the trial court and opposing counsel know about his unavailability earlier than he did, *by itself*, does not show the *only* reason for his conduct was to either cause unnecessary delay (§ 128.5, subd. (a)) or harass DeQuillien (§ 128.5, subd. (b)(2)), or that Gladych's conduct was "totally and completely without merit" (*ibid.*). A good faith basis (even one showing negligence) could have explained the failure.

Given the way the order is explained, good faith negligence could have been the reason for the trial court's imposition of sanctions on Gladych because, as quoted above, the order states Gladych's "failure to appear as well as [his] failure to timely notify both the [c]ourt and [DeQuillien]'s counsel of his failure, the circumstances of his failure, *or* his plan not to appear at the examination were frivolous." (Italics

---

[4] The parties dispute whether appellants forfeited their challenge to the trial court's findings. The dispute is immaterial because even if appellants failed to properly preserve the issue, we would exercise our discretion in reviewing it, given the undisputed material facts. (See *Farrar v. Direct Commerce, Inc.* (2017) 9 Cal.App.5th 1257, 1275-1276, fn. 3.)

added.) The possibility is problematic because negligence alone does not satisfy section 128.5's definition of frivolous.

It was undoubtedly the trial court's prerogative to reject any or all of Gladych's proffered explanation. (*People v. Sanchez* (2003) 113 Cal.App.4th 325, 330 ["It is the exclusive function of the trier of fact to assess the credibility of witnesses and draw reasonable inferences from the evidence"].) But by section 128.5's explicit terms, the court was required to sufficiently explain why in writing. We cannot deem the lack of detail harmless because we cannot discern whether the court found Gladych's conduct had been frivolous because he was negligent or acted in bad faith. (See *Cooper v. Bettinger* (2015) 242 Cal.App.4th 77, 90 ["'a discretionary order based on an application of improper criteria or incorrect legal assumption is not an exercise of informed discretion and is subject to reversal'"].)

Importantly, we also conclude the facts presented in the record do not compel a denial of section 128.5 sanctions. Contrary to Gladych's position, the statute's demands do not amount to a proposition that an attorney's words must be taken at face value unless facially unreasonable.[5] Gladych's lack of proffered specifics that would have allowed a reasonable opportunity to cross-reference asserted facts was relevant for the trial court's decisionmaking. Accordingly, because we express no opinion on whether the facts compel a particular result, the order imposing sanctions on attorney Gladych is reversed and the matter remanded for further proceedings consistent with this opinion. (*Childs, supra*, 29 Cal.App.4th at p. 996; see *People v. Barragan* (2004) 32 Cal.4th 236, 248 [discussing effect of law of the case doctrine on new proceeding after remand].)

---

[5] We explain this in response to Gladych's characterization of his factual assertions in the trial court as having presented "[r]eal life events (that were fully explained without contradiction)."

7

B. *Sanctions Imposed on El-Zein*

Next, we turn to the sanctions imposed on El-Zein. In contrast to the above analysis, section 708.170 presented a less demanding rubric to justify sanctions.[6] As quoted earlier, the statute's touchstone was whether there was "good cause" for his failure to appear. (§ 708.170, subd. (a)(2); see *In re Woodham* (2001) 95 Cal.App.4th 438, 446 [reviewing case law on other sanctions statutes, noting case law analysis for whether violation of valid court order was "'without a valid excuse'"].) Appellants do not respond to DeQuillien's argument that good cause was not shown in the trial court and we therefore conclude appellants concede the point. (*Johnson v. English* (1931) 113 Cal.App. 676, 677 ["[a]ppellant, by failing to file a reply brief, concedes that respondent's position is unassailable"].)

Even without the concession, we would affirm the trial court's decision on lack of good cause. The proffered reasons for the nonappearance that were personal to El-Zein was that he had been suffering from "extreme jetlag [*sic*]." As the court pointed out, El-Zein only presented hearsay on the assertion, in the form of Gladych's declaration. Even putting aside the form of the information presented, there was no specific information provided on the asserted jet lag, which bore on the credibility of the proffered excuse and El-Zein's good cause burden, which had shifted to him after Beaudin's prima facie showing. In other words, we agree with the court that good cause had not been shown.

---

[6] Based on the written order's lack of detail, section 128.5 does not justify affirming the sanctions imposed on El-Zein.

8

Finally, we also exercise our discretion to review whether section 708.170 authorized the sanctions imposed in the amount of $11,102.72.[7] The issue is governed by the following sentence in the statute's subdivision (a)(2): "If the person's failure to appear is without good cause, the judgment creditor shall be awarded reasonable attorney's fees incurred in the examination proceeding." (§ 708.170, subd. (a)(2).) We interpret the words according to their usual and ordinary meaning. (*Granberry v. Islay Investments* (1995) 9 Cal.4th 738, 744.)

Doing so, we conclude three categories of sanctions awarded must be reversed: (1) costs totaling $1,092.72; (2) all attorney fees that predated the April 21 nonappearance and would have been incurred as part of the May 3 examination of El-Zein that did occur; and (3) all fees claimed for time spent pursuing sanctions. On the first category, there should not have been any award of costs because the statute only specifies *fees* in its authorization. (Cf. § 128.5, subd. (a) [distinguishing between general "expenses" and "attorney's fees"]; see also generally § 685.070 [claimable "costs of enforcing a judgment"].)

On the second category, Beaudin presented to the trial court two March 21 time entries that read, respectively, "Exchange of e[-]mails with opposing counsel regarding continuance of [judgment debtor examination]," and, "Review and exchange e[-]mails with [c]ourt [c]lerk regarding continued [judgment debtor examination] and waiver of service regarding same." These activities occurred because Beaudin stipulated to continue the initial examination date and would have occurred independent of the subsequent nonappearance. Given that an examination of El-Zein was actually completed after his nonappearance, we conclude the March 21 time was not "incurred in

---

[7] DeQuillen contends appellants forfeited their argument that the trial court's award of nonfee expenses as sanctions (e.g., a filing fee, travel costs for hearings, etc.) were not authorized by section 708.170 because they did not brief the issue in the trial court. Appellants do not dispute the contention.

the examination proceeding" that was missed. (§ 708.170, subd. (a)(2).) DeQuillien argues this interpretation of the subdivision is "nonsensical." To the extent she is arguing our plain meaning construction is prohibited because it leads to an absurd result (see *California School Employees Assn. v. Governing Bd. of South Orange County Community College Dist.* (2004) 124 Cal.App.4th 574, 588), we reject it.

Similarly, on the third category, we conclude the plain meaning of section 708.170, subdivision (a)(2), precludes fees for time spent pursuing sanctions. The Legislature has explicitly authorized such fees in section 128.5, subdivision (f)(1)(C) ["If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion"], and did not so specify in the statute at issue.

The remainder of the sanctions imposed on El-Zein, totaling $3,740,[8] are affirmed based on section 708.170, subdivision (a)(2), and appellants' lack of objection to the claimed amounts in the trial court. Given our partial reversal and remand for further proceedings, we do not reach the merits of Beaudin's request for attorney fees on appeal.

---

[8] The total is based on an April 20 time entry claiming $165, an April 21 time entry claiming $1,100, and another April 21 time entry claiming $2,475.

10

## DISPOSITION

The postjudgment order of May 24, 2022, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. In the interests of justice, no costs on appeal are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


SANCHEZ, J.