Filed 6/6/25  Estate of Miller CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| Estate of JAMES MILLER, Deceased. | |
| JOANNE MERRETT, as Executor, Petitioner and Respondent, v. HOLLY GILANI, Objector and Appellant. | G064476 (Super. Ct. No. PROSB2300665) O P I N I O N |

Appeal from orders of the Superior Court of San Bernardino County, Michelle H. Gilleece, Judge. Reversed and remanded for further proceedings. Appellant's Request for Judicial Notice. Denied.

Byrnes & Wiley and Valiere M. Byrnes for Petitioner and Respondent.

Buchalter and Robert M. Dato for Objector and Appellant.

\*          \*          \*

This appeal arises out of a dispute between siblings JoAnne Miller-Merrett (Merrett) and Janet M. Munson (Munson) concerning the estate of their brother, James Miller (Miller). After Merrett filed a probate petition in San Bernardino County, appellant Holly Gilani (Munson's now former attorney) filed a motion to transfer venue of the petition to Riverside County. In her opposition to Munson's venue motion, Merrett sought—and, after a number of continued hearings, the trial court ultimately awarded—monetary sanctions against Gilani under both Code of Civil Procedure sections 128.5 (section 128.5) and 396b (section 396b). Gilani appeals the sanctions orders.

We reverse the award of sanctions against Gilani under section 128.5. The statute prescribes specific procedures that must be followed before sanctions can be imposed, including the motion must be made "separately from other motions or requests" (§ 128.5, subd. (f)(1)(A)) and the party to be sanctioned must be given a 21-day "safe harbor" period to withdraw the allegedly sanctionable filing before a sanctions request or motion is filed with the court. (*Id.*, subd. (f)(1)(B)). Miller's request for sanctions failed to comply with either requirement. Accordingly, the trial court had no power to award sanctions against Gilani under section 128.5.

As for section 396b, a trial court has discretion to order an attorney who files a motion to pay to the prevailing party the "reasonable expenses and attorney's fees incurred in . . . resisting the motion." Although requests for such sanctions under section 396b are not subject to the

2

procedural prerequisites of section 128.5, the counsel or party against whom the sanctions are sought must be given proper notice, not just of the request itself, but of the hearing (and each continued hearing) on the request. That did not happen here. Merrett's opposition brief gave Gilani notice of the request for an award under section 396b, and Gilani received notice of the first and second hearings on the request. But Gilani withdrew as Munson's counsel and, thereafter, was not given notice of any of the continued hearings on Merrett's sanction requests, including the hearing at which the court awarded monetary sanctions against her. Accordingly, we reverse the award of fees and expenses against Gilani under section 396b and remand for further proceedings, after proper notice is provided and Gilani is given a full opportunity to be heard.

## FACTS

In July 2022, James Miller established the James William Miller Living Trust Dated July 2, 2022 (Miller Trust). Miller appointed himself as trustee and Merrett as successor trustee in the event of Miller's death or incapacity.

Miller died just weeks after the Miller Trust was created. Merrett prepared Miller's death certificate, mistakenly listing her own address in Riverside County as Miller's residence at the time of his death.[1]

In December 2022, Merrett filed a petition with the Superior Court of Riverside County that sought to have certain of Miller's property (a fully vested interest in Miller's parents' trust and a mobile home) transferred

---

[1] The death certificate also mistakenly stated Miller was divorced; in fact, at the time of his death, Miller was separated from his wife, Cynthia, but they had not divorced.

to the Miller Trust (the *Heggstad* Petition[2]). The petition was filed in Riverside County because the Miller Trust was administered in that county. (Prob. Code, § 17005, subd. (a).)

Munson filed objections to the *Heggstad* Petition as well as a competing petition asserting, among other things, Merrett had used undue influence to cause Miller to create the Miller Trust (the Trust Petition).[3]

In May 2023, Merrett filed a petition for probate in San Bernardino County, identifying herself as executor of Miller's estate (the Probate Petition). Although the Probate Petition stated Miller lived in San Bernardino County at the time of his death, it was filed with Miller's death certificate, which stated he resided in Riverside County when he died. By the Probate Petition, Merrett sought to "marshal and handle" the mobile home and Miller's interest in his parents' trust—the same assets that were the subject of Merrett's *Heggstad* petition. Days later, Merrett filed a supplement to the Probate Petition attaching a copy of the Miller Trust, which also was the subject of her *Heggstad* Petition.

---

[2] A petition to confirm certain property belongs to a trust and is not part of a decedent's probate estate is known as a *Heggstad* petition, named after *Estate of Heggstad* (1993) 16 Cal.App.4th 943, 947–950.

[3] Merrett was also a trustee of the siblings' parents' trust, and the allegations of undue influence regarding the Miller Trust were part of a larger petition primarily directed to a dispute regarding the parents' trust, which was the subject of litigation in Riverside County (the Riverside litigation). Although issues relating to the parents' trust permeate the briefs and much of the file presented to us on appeal, they are irrelevant to the issues raised in this appeal. Accordingly, we neither include nor address the specifics of those issues in this opinion. On a related note, Gilani requested we take judicial notice of a May 7, 2024 minute order issued in the Riverside litigation. Because the minute order is irrelevant to this proceeding, the request is denied.

On June 28, 2023, Munson, through her attorney, appellant Gilani, filed a motion in the Probate Petition, seeking an order transferring the Probate Petition to Riverside County on the ground that, as set forth in the original death certificate, Miller lived in Riverside County at the time of his death (Venue Motion).[4] The Venue Motion was set for hearing on August 22, 2023.

On July 7, 2023, Merrett supplemented the Probate Petition with an amended death certificate, which stated Miller was a resident of San Bernardino County at the time of his death. Two weeks later, Merrett filed her opposition to Munson's Venue Motion. Merrett's opposition attached various documents offered to establish Miller resided in San Bernardino County at the time of his death, including Miller's driver's license, bank statements, personal checks, correspondence with the Social Security Administration, correspondence with Kaiser Permanente, and a FedEx delivery slip for a delivery just days before his death. The opposition also was accompanied by a declaration from Merrett explaining she had mistakenly entered her own address as Miller's residence on the original death certificate. Merrett's opposition requested $8,585 as sanctions under section 128.5 and/or reasonable attorney fees and expenses under section 396b, subdivision (b). Inexplicably, the reply brief Gilani filed in support of the Venue Motion did not address Merrett's request for sanctions under either statute.

---

[4] Miller's wife, Cynthia, also responded to the Probate Petition. She objected to it on various grounds, including that she and Miller were still married at the time of his death and she owned the mobile home identified as Miller's asset in the Probate Petition. In her objections, Cynthia stated Miller resided in Riverside County at the time of his death.

The Venue Motion was heard on August 22, 2023. At the hearing, the trial court asked Munson's counsel, Gilani, if she wished to present further evidence relating to the issue of Miller's residence at the time of his death. Gilani responded in the affirmative, and the hearing was continued to October 5, 2023. On September 15, 2023, before the continued hearing date, Gilani attempted to file a document withdrawing the Venue Motion.[5]

The continued hearing on the Venue Motion remained on calendar, however, and at the outset of that hearing, an attorney from Gilani's firm made an appearance on the record and notified the trial court Munson had retained new counsel, so Gilani was no longer involved in the case. The court then raised the issue of Gilani's attempted withdrawal of the Venue Motion. Merrett's counsel objected to the withdrawal because Merrett wished to have the court decide her request for sanctions/fees. The court found the Venue Motion moot except for the issue of fees and continued the hearing on Merrett's request for sanctions/fees to November 16, 2023. An attorney from Gilani's firm was present for the entire discussion, including the scheduling of the continued hearing.

At the November 16, 2023 hearing, neither Gilani nor anyone else from her firm appeared. Munson's new counsel requested any award of fees or sanctions be made against Gilani, rather than against Munson or her new counsel. In response, the trial court asked if it had authority to set an order to show cause requiring former counsel (Gilani) to appear on the fee

---

[5] The copy of the document filed by Gilani in an attempt to withdraw the Venue Motion does not have any endorsement reflecting it was filed with the trial court. At the hearing, however, the court raised the issue of the attempted withdrawal without prompting from the parties, suggesting the document was successfully filed.

issue. The court did not, however, set an order to show cause. Instead, the court tentatively granted Merrett's request for fees in the amount of $8,100 under section 396b, subdivision (c), as against Munson individually; ordered Merrett's counsel to provide a breakdown of the claimed fees; and continued the hearing to December 20, 2023. The court also invited Munson's counsel to provide authority for shifting the award of fees from Munson to Gilani. The record does not reflect that Gilani or her firm were provided notice of the December 20, 2023 continued hearing.

On November 28, 2023, Munson's new counsel filed a brief arguing that, if any sanctions were to be awarded, they should be awarded against Gilani, not Munson. Gilani was not served with this brief. Merrett filed two documents that argued Munson, personally, should be subject to the sanctions. Neither of those filings was served on Gilani.

Not surprisingly, neither Gilani nor anyone from her firm attended the continued hearing on December 20, 2023, at which the issue of fees and sanctions was taken under submission and the matter was again continued to January 16, 2024. The record does not reflect that Gilani or her firm were given notice of the continued hearing.

Neither Gilani nor anyone from her firm appeared at the continued hearing on January 16, 2024. At the hearing, the trial court stated, without explanation, that Gilani had been provided notice of this hearing as well as the earlier hearings and then imposed fees of $8,100 on Gilani pursuant to section 396b, subdivision (b). The court found that, although the initial motion may have been brought in good faith, Gilani acted in bad faith in continuing with the motion after the opposition was filed. The court ordered Gilani to pay the sanctions within 30 days. The court imposed sanctions under section 128.5, subdivision (a), in the same amount against

7

Gilani and Munson, jointly and severally.[6] Gilani was given notice of this ruling.

Another hearing was held on January 30, 2024. Gilani attended that hearing, at which the trial court amended its prior order to award sanctions only against Gilani pursuant to section 396b and to stay the imposition of sanctions under section 128.5 until a date in March, when a motion for reconsideration filed by Gilani was set for hearing. The court refused to stay the sanctions issued under section 396b, which were set to be paid no later than February 15, 2024, weeks before the motion for reconsideration was set to be heard.[7] Accordingly, Gilani took her motion for reconsideration off calendar and filed this appeal.

## DISCUSSION

## I.

### SANCTIONS UNDER SECTION 128.5

Section 128.5 allows a trial court to issue sanctions for "actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay." (*Id.*, subd. (a).) An award of sanctions of more than $5,000 under section 128.5, subdivision (a), is appealable under Code of Civil Procedure section 904.1, subdivision (a)(12). "We typically review an order

---

[6] Pursuant to section 128.5, subdivision (f)(C), "[a]bsent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees." Although the Venue Motion was filed by Gilani's firm, Hess-Verdon & Associates, the trial court issued sanctions against Gilani alone, without identifying any exceptional circumstances.

[7] The January 30, 2024 order was later amended on February 20, 2024, to correct a clerical error. Gilani appeals from both the original and amended order.

awarding attorney fees and costs for abuse of discretion. [Citation.] But where the facts are undisputed, as they are here, we independently review whether a sanctions award comports with statutory requirements." (*Zarate v. McDaniel* (2023) 97 Cal.App.5th 484, 489.)

Sanctions under section 128.5 may be ordered only when the motion for sanctions is made separately from other motions pursuant to a specified two-step procedure. (*Id.*, subd. (f).) "First, the "'moving party must serve on the offending party a motion for sanctions.'" [Citation.] Service of the sanction motion triggers the 21-day safe harbor period during which the moving party may not file the motion. [Citation.] That is because the offending party may avoid sanctions by withdrawing the challenged pleading during the 21-day period. [Citation.] Second, if the offending party does not withdraw the challenged pleading during that period, then the moving party may file the sanctions motion. [Citation.] [¶] . . . [¶] . . . [T]he law requires strict compliance with the safe harbor provisions. [Citation.] Failure to comply with the safe harbor provisions 'precludes an award of sanctions.'" (*Transcon Financial, Inc. v. Reid & Hellyer, APC* (2022) 81 Cal.App.5th 547, 550–551.)

Merrett failed to comply with the requirements of section 128.5. She requested sanctions in her opposition to the Venue Motion, not by a separate motion. Further, Merrett did not provide Gilani the 21-day safe harbor period. Accordingly, the trial court could not properly award sanctions

against Gilani under section 128.5 and abused its discretion in doing so. The portion of the order awarding sanctions under section 128.5 is reversed.[8]

## II.

### SANCTIONS UNDER SECTION 396B

Section 396b, subdivision (b), gives the trial court the discretion to order payment to a prevailing party of the reasonable expenses and attorney fees it incurred in making or resisting a motion to transfer venue. (*Ibid.*)[9] Section 396b, subdivision (b), specifies that an order requiring such payment is a sanction. Accordingly, it is immediately appealable under Code of Civil Procedure section 904.1, subdivision (a)(12), and is reviewed for abuse of discretion. (*In re Woodham* (2001) 95 Cal.App.4th 438, 443.) Rulings that constitute an abuse of discretion are those that "'exceed the bounds of reason'" or are "arbitrary, capricious, patently absurd, or even whimsical." (*Artus v. Gramercy Towers Condominium Assn.* (2022) 76 Cal.App.5th 1043, 1051.) "[O]ur Supreme Court said that 'A ruling that constitutes an abuse of

---

[8] Gilani and Munson were held jointly and severally liable for the sanctions imposed under section 128.5. Although Munson did not appeal, the reversal extends to her as well as to Gilani. (*In re Marriage of Reese & Guy* (1999) 73 Cal.App.4th 1214, 1221–1222; *Eby v. Chaskin* (1996) 47 Cal.App.4th 1045, 1049 [reversing entire sanctions order against two lawyers, even though one did not appeal].)

[9] In determining whether sanctions are appropriate, the statute provides the court shall consider whether the motion "was made in good faith given the facts and law the party making the motion . . . knew or should have known." (§ 396b, subd. (b).)

10

discretion has been described as one that is "so irrational or arbitrary that no reasonable person could agree with it.""" (*Ibid.*)

A request for sanctions under section 396b, subdivision (b) must be made in a party's papers or on the court's own noticed motion, and the party to be sanctioned must be given an opportunity to be heard. (*Ibid.*) Any award of sanctions is the personal liability of the attorney and is not chargeable to the party. (*Ibid.*)

Gilani argues the trial court's imposition of sanctions under section 396b should be reversed because she did not have sufficient notice Merrett was seeking sanctions against her. She argues she never received notice of the sanctions request until after sanctions were awarded against her and did not receive notice of the continued hearings.[10] Gilani is wrong on the first argument, but right on the second.

Merrett's opposition papers specifically requested sanctions against Gilani, Munson, and Gilani's law firm under both sections 128.5 and 396b. Accordingly, Gilani had sufficient notice Merrett was seeking sanctions against her personally. She also had notice of the grounds for the requested

_____

[10] In support of her claim of insufficient notice, Gilani cites three cases: *Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 985 (*Childs*), *In re Marriage of Quinlan* (1989) 209 Cal.App.3d 1417, 1419 (*Quinlan*), and *Staples v. Hoefke* (1987) 189 Cal.App.3d 1397, 1419 (*Staples*). None of the cases addresses section 396b and none supports Gilani's argument. *Childs* held a court issuing an award of sanctions under section 128.5 must explain the sanctionable conduct. (*Childs, supra*, at p. 997.) *Quinlan* held sanctions issued under section 128.5 cannot be imposed based on an oral request that did not specify the sanctionable conduct. (*Quinlan, supra*, at pp. 1421–1422.) *Staples* held an order awarding sanctions must specify the sanctionable conduct and sanctions cannot be awarded against counsel when sanctions were only requested against the plaintiffs. (*Staples, supra*, at pp. 1418–1419.)

11

sanctions. The opposition specified the allegedly sanctionable conduct as Gilani and Munson's filing of a motion to transfer venue based on a death certificate they knew was erroneous. For reasons not clear to us, Gilani did not address the requested sanctions at all in the reply brief she filed in support of the Venue Motion and, although an attorney from her firm appeared at the continued hearing on the Venue Motion and was given a date and time for a continued hearing on the sanctions issue, Gilani still did not file any kind of opposition to the sanctions request before the hearing and did not appear at the continued hearing.

The matter, however, was thereafter continued several more times, and Gilani was not provided notice of the continuances. On January 16, 2024, the day the trial court ordered sanctions against Gilani personally, the court made a specific finding that Gilani had been given notice of the continued hearings by both Merrett's and Munson's counsel but had chosen not to appear. The court did not articulate the facts that caused it to so conclude. And there is no proof of service or anything else in the record showing that anyone—either the court or the parties—provided Gilani with notice of the continued hearing that took place on December 10, 2023, or the hearing on January 16, 2024, at which she was sanctioned. Because the court issued the sanctions based, in part, on the erroneous belief that Gilani had received notice of the hearings and had elected not to attend, we conclude the issuance of sanctions was an abuse of discretion and remand the issue of the award of costs and attorney fees under section 396b to the trial court. We direct the court to set an order to show cause on the issue and then determine the issue of an award of fees and costs under section 396b after providing

12

proper prior notice to Gilani and an opportunity to be heard, both in writing and at the hearing.[11]

## DISPOSITION

The order awarding sanctions against Gilani and Munson under section 128.5 is reversed. The order awarding sanctions against Gilani under section 396b, subdivision (b) is reversed and remanded for further proceedings consistent with this opinion. In the interest of justice, each party shall bear their own costs on appeal.

GOODING, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

MOTOIKE, J.

---

[11] Because we find sanctions were awarded against Gilani under section 396b without proper notice, we do not address whether the sanctions award amounted to an abuse of discretion.